ESTHER JOHNSON et al., Plaintiffs-Appellees, v. THE DEPARTMENT OF PUBLIC AID et al., Defendants-Appellants.

(No. 54926; ▇▇▇▇▇▇▇▇

First District—February 14, 1972.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellants.

Sheldon H. Roodman, of Community Legal Counsel, of Chicago, for appellees.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal from a judgment order entered in the Circuit Court of Cook County requiring the Illinois Department of Public Aid to pay to the plaintiffs $234.90, representing six (6) welfare payments wrongfully withheld during the months of May, June, July, August, September and October of 1969.

In June of 1966, Marilyn Richards, one of Esther Johnson's minor children, was injured in a fall. A law suit filed on her behalf resulted in a settlement. An order required that a portion of the settlement be deposited in a bank account subject to the further order of the court.

Before and during the pendency of that action Mrs. Johnson was a recipient of Aid to Families With Dependent Children (ADC). In May of 1969, Mrs. Johnson's ADC allowance was reduced to the extent of the assistance which she received for her daughter Marilyn. The basis of that decision was that the monies from the settlement constituted funds which were available to meet her current needs.

Pursuant to Chapter 23, Section 11—8 Ill. Rev. Stat. 1969, Mrs. John-

son appealed to the Illinois Department of Public Aid, (IDPA). Following a hearing on the issue of whether the monies derived from the settlement were available to meet the current needs of Marilyn, the IDPA determined that the funds were available and affirmed the decision of the Cook County Department of Public Aid. Mrs. Johnson and her daughter appealed to the Circuit Court which reversed the order of the IDPA and entered a judgment requiring the IDPA to pay the plaintiffs $234.90.

Defendant contends that this action constitutes a suit against the State of Illinois and is therefore barred by Article IV, Section 26 of the 1870 Constitution of Illinois. We disagree.

Article IV, Section 26 of the former Constitution provides that: "The State of Illinois shall never be made Defendant in any court of law or equity." Although a literal construction of this provision would preclude all suits initiated against the state, it has been held that the state may be joined as a defendant if the General Assembly affirmatively consents thereto. (See Edelen v. Hogsett, 44 Ill.2d 215 and Powers v. Telander, 129 Ill.App.2d 10.) We are called upon to decide whether the state, by the affirmative act of the General Assembly, has consented to be joined as a defendant in this cause.

Sections 11—8 through 11—8.7 Ch. 23, Ill. Rev. Stat. 1969, provide the method by which recipients of public aid may appeal decisions terminating grants. Section 11—8.7 provides that the provisions of the Administrative Review Act, (Ill. Rev. Stat. 1969, ch. 110, par. 264—279) shall apply to and govern all proceedings for the judicial review of the decisions of the IDPA. The Administrative Review Act vests the Circuit courts with jurisdiction to review final administrative decisions and further provides that appeals therefrom may be taken to the Appellate and Supreme Courts.

We conclude that the General Assembly has affirmatively consented to the state being made a defendant in suits of this nature and that the IDPA is properly joined as a party defendant.

The order of January 22, 1970 is affirmed.

Order affirmed.

GOLDBERG, P. J., and LYONS, J., concur.