UNION COUNTY REGIONAL BOARD OF SCHOOL TRUSTEES *et al.*, Plaintiffs-Appellees, *v.* UNION COUNTY HISTORICAL SOCIETY, INC., Defendant-Appellant.

Fifth District   No. 77-38

Opinion filed September 8, 1977.

EBERSPACHER, J., dissenting.

John C. Feirich Associates, Chartered, of Carbondale, for appellant.

Rendleman, Meehan and Clutts, of Anna, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Union County Historical Society, Inc., appeals from the judgment of the Circuit Court of Union County holding invalid a lease entered into between the Historical Society and Anna-Jonesboro Community High School District No. 81.

This action was commenced on behalf of the high school district seeking a declaration of rights of the Union County Historical Society, a not-for-profit corporation, under a certain lease. On October 20, 1974, the school district leased a building known as Willard Hall, a building registered as a historic place under the provisions of the National Historic Preservation Act of 1966 (16 U.S.C. §470 *et seq.*), for a nominal consideration to the historical society for a term of 10 years. Willard Hall is located on the campus of Anna-Jonesboro Community High School.

On October 18, 1975, a proposition to authorize the issuance of building bonds to construct additional high school facilities was approved. This action was then commenced by the school district to terminate the lease.

The briefs of both parties state that the school district had selected a site for the construction of the new high school that would necessitate the destruction of Willard Hall. We have allowed the historical society's motion filed pursuant to Supreme Court Rule 366(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(3)), to which no objection was made, to correct the record. Both parties are agreed that the new high school will not be built on land occupied by Willard Hall. We do not, however, consider this correction or amendment of the record (Ill. Rev. Stat. 1975, ch. 110A, par. 329) to be significant in deciding the issue before us as the question for our decision, as stipulated by the parties, would not be affected by this correction of the record.

Section 10—22.11 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par.

10—22.11) granted school boards the power to lease school property not needed by a school district for school purposes for a term not to exceed 10 years "to another school district, municipality or *body politic and corporate.*" (Emphasis added.)

The parties have stipulated that the issue for our determination is whether the Union County Historical Society, Inc., is a "body politic and corporate" and therefore, qualified to be a lessee under section 10—22.11 of the School Code. If we determine that it is not such an entity, it is agreed that the lease is void or voidable.

The historical society cites language in *People v. Snyder,* 279 Ill. 435, 117 N.E. 119 (1917), as supportive of its position. There the Illinois Supreme Court defined a body politic as a 'collective body of a nation or State as politically organized or as exercising political functions.' (279 Ill. 435, 440, 117 N.E. 119, 121, quoting 8 Corpus Juris 1137); however, the case only holds that the State of Illinois is clearly a body politic and that the court will take judicial notice that it is. Also called to our attention is *Uricich v. Kolesar,* 132 Ohio St. 115, 5 N.E.2d 335 (1936), where the Ohio Supreme Court stated, in determining that a county was a "body politic"; " '[p]olitic' is a derivative from a root signifying 'citizen.' It would seem, therefore, that the phrase connotes simply a group or body of citizens organized for the purpose of exercising governmental functions." The historical society argues that it is empowered to exercise a governmental function; therefore, it is a "body politic." Section 1 of "An Act to provide for the better preservation of official documents and records of historical interest" (Ill. Rev. Stat. 1975, ch. 128, par. 18) authorizes counties and cities to deposit official papers, writings and records of historic interest or value with any incorporated historical society.

The historical society argues further that the general assembly has designated entities other than cities, counties, school districts and other units of local government to be bodies politic. Thus, the statute authorizing a church to incorporate as a religious corporation states that upon incorporation "it shall be and remain a body politic and corporate." (Ill. Rev. Stat. 1975, ch. 32, par. 164.) Like language appears in the statute authorizing the incorporation of certain exposition authorities (Ill. Rev. Stat. 1975, ch. 32, par. 503b) and in the Illinois Savings and Loan Act (Ill. Rev. Stat. 1975, ch. 32, par. 796).

A private, not-for-profit corporation is certainly a body corporate, but is it body politic? An often quoted definition of "body politic" is found in *Munn v. Illinois,* 94 U.S. 113, 24 L. Ed. 77 (1876). " 'A body politic,' as aptly defined in the preamble of the Constitution of Massachusetts, 'is a social compact by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good.' " 94 U.S. 113, 124, 24 L. Ed. 77, 83-84.

This definition of "body politic" has been repeated in many cases. See Blacks Law Dictionary (4th ed. rev. 1968).

We believe the general assembly intended that "body politic" have this traditional, narrow meaning when it empowered school districts to lease school property to another "school district, *municipality or body politic* * * *." The meaning to be given the words in some other statute is not important, and we need not attempt to divine what the draftsman had in mind when he characterized churches, exposition authorities, and savings and loans as bodies politic.

The words appear in the phrase "* * * municipality or body politic." Applying the rule of *ejusdem generis*, an accepted rule of statutory construction, we think the words "body politic" were used in a narrow sense and were intended to define other public or municipal corporations, that is, some other municipality, or unit of local government as these terms are defined in the Local Government article of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, §1 *et seq.*).

A "body politic" as thus defined must possess some attribute of sovereignty and exercise some sovereign power of the State, either through constitutional or legislative grant, which it exercises for the common benefit of all within its geographical boundaries.

The judgment of the Circuit Court of Union County is affirmed.

Affirmed.

G. J. MORAN, J., concurs.


Mr. JUSTICE EBERSPACHER, dissenting:

I am of the opinion that the General Assembly in granting the power to lease unneeded school property to a "body politic and corporate" in addition to the power to lease to such specifically defined bodies as school districts and municipalities, intended to grant the power to any corporate being that served any governmental or quasi governmental function. By the enactment of section 1 of "An Act to provide for the better preservation of official documents and records of historical interest" (Ill. Rev. Stat. 1975, ch. 128, par. 18) the General Assembly has acknowledged and recognized an incorporated historical society as a proper body to carry out a governmental function. I consider such construction to be consistent with the application of the rule of *ejusdem generis* in the construction of the provision of the School Code granting power to lease unneeded school property.

I would therefore reverse the judgment of the circuit court and declare the lease valid.