J. POWERS McGUIRE, Plaintiff-Appellant, *v.* THE BOARD OF REGENTS OF
NORTHERN ILLINOIS UNIVERSITY, Defendant-Appellee.

Fourth District   No. 15248

Opinion filed May 25, 1979

GREEN, J., specially concurring.

J. Powers McGuire, *pro se*, and Edward F. Diedrich, both of De Kalb, for
appellant.

Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the trial court which dismissed with prejudice his complaint against the Board of Regents of Northern Illinois University. Plaintiff alleged a breach of an employment contract and prayed damages in excess of $1 million.

The action was initially filed in the circuit court of DeKalb County. Defendant filed a special and limited appearance and upon defendant's motion the action was transferred to Sangamon County where the defendant has its principal office. Ill. Rev. Stat. 1977, ch. 110, par. 7(1).

On appeal plaintiff contends that the circuit court has jurisdiction in the matter of this action for breach of contract and that the complaint sufficiently states a cause of action. He also argues that the provision for venue in section 7(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 7(1)) violates the fourteenth amendment of the United States Constitution.

Section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1977, ch. 127, par 801), effective January 1, 1972, provides:

"Except as provided in 'An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal An Act herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court."

Section 8 of "An Act to create the Court of Claims, to prescribe its powers and duties * * *" (Ill. Rev. Stat. 1977, ch. 37, par. 439.8) provides:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(b) All claims against the state founded upon any contract entered into with the State of Illinois.

* * *."

In *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305, the court noted that the enactment of section 1 of the civil administrative act, effective January 1, 1972 (Ill. Rev. Stat. 1977, ch. 127, par. 801), was a legislative restatement or reenactment of sovereign immunity. See also *Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328 N.E.2d 1; *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237, *appeal denied* (1978), 71 Ill. 2d 615.

Plaintiff argues that the circuit court had jurisdiction by reason of the provisions of section 7 of "An Act providing for the management,

operation, control and maintenance of the Regency Universities System" (Ill. Rev. Stat. 1977, ch. 144, par. 307), which provides:

"The Board is hereby constituted a body corporate and politic and shall have power:

a. to enter into contracts;

b. to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims;

* * * "

He urges that we imply and infer from that language that claims upon contract should be heard in the circuit court.

Black's Law Dictionary (3d ed. 1944), notes the phrase "body corporate and politic" and says, "The term is particularly appropriate to a public corporation with powers and duties of government."

In *Union County Regional Board of School Trustees v. Union County Historical Society, Inc.* (1977), 52 Ill. App. 3d 458, 461, 367 N.E.2d 541, 543, the court considered the question of whether or not a private not-for-profit corporation qualified as a "body politic and corporate." Upon such issue the court said:

"A 'body politic' as thus defined must possess some attribute of sovereignty and exercise some sovereign power of the State, either through constitutional or legislative grant, which it exercises for the common benefit of all within its geographical boundaries."

The language describing the structure of the Regency Universities (Ill. Rev. Stat. 1967, ch. 144, par. 307) discloses an intent that the Board of Regents is an agency of the State in the execution of its powers.

In *People ex rel. Maciuba v. Cheston* (1975), 25 Ill. App. 3d 224, 323 N.E.2d 40, the court concluded that if the relief sought could operate to control the action of the State or subject it to liability, the suit is deemed to be against the State. In *Scoa*, the court said:

"A suit brought against an officer or agency with relation to matters in which the defendant represents the State in action and liability, even though the State is not a party to the record, is in effect a suit against the State. [Citation.] Whether a particular action falls within the prohibition is dependent on the particular issues involved and the relief sought." (33 Ill. App. 3d 90, 94, 337 N.E.2d 305, 309.)

See also *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 721, 377 N.E.2d 237, 242.

■■ Without recitation of detail, examination of the statutory provisions creating the Regency Universities and granting their powers disclose that such provisions meet the criteria of an arm or agency of the State as determined in *Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328

N.E.2d 1, and *Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 356 N.E.2d 1340.

Following the legislative enactment of the Court of Claims Act, effective January 1, 1972, the courts of review have held that contract actions against the systems of universities created by the legislature must be brought in the Court of Claims for the reason that they are State agencies under the umbrella of sovereign immunity and that the circuit court is without authority to render a money judgment. (*Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486, appeal denied (1978), 71 Ill. 2d 603. (Board of Trustees of Southern Illinois University); *Tanner v. Board of Trustees* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208.) In *Tanner*, the action was for breach of an implied contract to grant a Ph.D. In *Yack*, plaintiff sought to establish a breach of implied contract concerning employment.

■ The sum of the authorities requires a conclusion that where a party seeks a money judgment against the State or an agency of the State, the relief must be sought in the Court of Claims.

As to plaintiff's contention that we must imply or infer a legislative intent to distinguish between contract actions and tort actions because the language of section 7 of the Regencies Universities Act (Ill. Rev. Stat. 1977, ch. 144, par. 307) provides "to sue and to be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims," we note that the Court of Claims Act treats contract actions and tort actions in separate paragraphs and provisions with an apparent purpose to limit dollar liability and, in stated instances, to limit defenses.

The plaintiff argues only the opinion in *Johnson v. Department of Public Aid* (1972), 3 Ill. App. 3d 1045, 279 N.E.2d 791, in support of his view that the circuit court has jurisdiction. That opinion holds that the statutory provision for administrative review of the administrative decisions of the Department of Public Aid represents a legislative consent for such matters to be heard in the circuit court. In such light that opinion does not approach the issue presented here.

■ We affirm for the reason that plaintiff's action must be brought in the Court of Claims. Upon such determination it is not necessary to consider the other issues raised.

Affirmed.

MILLS, J., concurs.

Mr. JUSTICE GREEN, concurring specially:

I concur with the decision of the majority and agree that defendant

was immune from suit. To the extent that the majority indicates that the immunity arises from legislation providing for and defining the powers of the court of claims, I am in disagreement. I think that defendant is immune only because of the provisions of section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1977, ch. 127, par. 801). I also think that the argument of the plaintiff has more substance than the majority opinion indicates and that if it were not for the foregoing legislation our decision would be different.

As noted by the majority, *Scoa Industries, Inc.*, held that the legislation mentioned in the first paragraph was a restatement or reenactment of the sovereign immunity existing prior to the effective date of article XIII, section 4 of the Illinois Constitution of 1970 which abolished sovereign immunity except to the extent that the legislature should provide otherwise. The Illinois Constitution of 1870 provided in article 4, section 26: "The State of Illinois shall never be made defendant in any court of law or equity." Despite that provision, in *Board of Trustees v. Bruner* (1898), 175 Ill. 307, 51 N.E. 687, legislation providing that the Board could sue and be sued was deemed sufficient to authorize a contract action against the Board. As late as 1974 in *Talandis Construction Corp. v. Illinois Building Authority*, an appellate court, ruling upon a factual situation occurring under the immunity provision of the old constitution, affirmed the dismissal of a third-party complaint against the Board of Trustees of the University of Illinois holding that (1) to the extent the complaint sounded in tort, the Board was immune and (2) as to a stated contractual claim, the complaint failed to show a cause of action as to the Board. At that time the statutory powers of the Board to sue and be sued were exactly the same as those of the defendant here, but the theory that the Board was immune from suit in contract was apparently never even raised. In order for us to affirm here, we must determine that the previously mentioned legislation creating State immunity is more than a reenactment of prior sovereign immunity as applied to State agencies.

Plaintiff's argument keys upon the statutory provisions empowering defendant to sue and be sued provided that tort claims be filed in the court of claims. This would certainly indicate a legislative intention that the defendant not be immune to contract actions brought within the State's court system. It is important to consider that in *Siefert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 123, 355 N.E.2d 537, 542, the supreme court noted that the court of claims was not established to "function as a court and adjudicate cases" but "simply to receive and process in an orderly manner claims which might be addressed to the State." The opinion pointed out that the court of claims is not part of the judicial system provided by the constitution but an entity created to give partial

redress to those who have no judicial remedy because of sovereign immunity.

The legislation providing for the entity which fills this otherwise remediless void provides that it shall have "exclusive jurisdiction * * * [of actions] founded upon * * * contract * * * with the State of Illinois" (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(b)) and then later provides that it shall have "exclusive jurisdiction" of claims sounding in tort against "the State * * * and all like claims sounding in tort against the Medical Center Commission * * * [and] the Board of Regents of the Regency Universities System * * *." (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(d).) The statutory reference only to the "State of Illinois" concerning contract claims as distinguished from the reference to the "State" and the various State agencies including defendant with respect to tort claims would indicate that contract claims against the various State agencies including defendant were not to be brought in the court of claims. Keeping in mind the purpose of the court of claims to provide redress where there is sovereign immunity, this interpretation would be consistent with plaintiff's interpretation of the legislation purporting to empower judicial suits against defendant in contract actions but not in tort actions.

The answer to plaintiff's position arises almost exclusively from the opinion of the supreme court in *Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328 N.E.2d 1, and its progeny. In *Williams,* the court affirmed a trial court's dismissal of a complaint sounding in tort and brought against the Medical Center Commission, an entity whose enabling legislation (Ill. Rev. Stat. 1973, ch. 91, par. 126) gave it the same power to sue and be sued as has defendant. The rationale of the opinion was based not upon the lack of power to be sued in tort as provided in the enabling legislation nor upon the legislation which specifically states that the court of claims had "exclusive jurisdiction" of tort claims against that entity. The opinion relied upon the legislation establishing State sovereign immunity and concluded that defendant came under the umbrella covering the State of Illinois within that statute. Since that legislation makes no distinction between tort and contract actions, the rationale of *Williams* indicates that entities such as the Medical Center Commission and defendant have immunity to suit in contract as well as in tort. The legislation purporting to authorize contract suits against these entities was enacted prior to the legislation relied on in *Williams.* The effect of the rationale of *Williams* would appear to be that the latter legislation repealed the former.

Because of *Williams* and its progeny I agree that (1) defendant was immune from the suit brought here and (2) the trial court, therefore, properly dismissed the instant suit.