JOHN S. NICHOLS, JR., Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants (Stanley Kusper, Jr., Defendant-Appellee).

First District (3rd Division) Nos. 1—90—0533, 1—91—0709 cons.

Opinion filed October 21, 1992.—Rehearing denied November 20, 1992.

John S. Nichols, Jr., of Oak Park, appellant *pro se.*

Jack O'Malley, State's Attorney, of Chicago (Jeanette Sublett, Patricia M. Shymanski, and Keith Butler, Assistant State's Attorneys, of counsel), for appellee Stanley Kusper.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for Jim Edgar.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff John S. Nichols, a public school teacher, appeals from an order dismissing his complaint against Jim Edgar, as Secretary of State (Secretary), pursuant to a section 2—619(a)(1) motion and dismissing his complaint against Stanley Kusper, Jr., Cook County Clerk (Clerk), pursuant to a section 2—615 motion. Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619(a)(1).

The amended complaint seeks to impose upon the Cook County Clerk and the Secretary of State a duty to verify whether plaintiff was exempt from filing a statement of economic interest with the Cook County Clerk after having been certified as such an employee by the Chicago board of education.

The amended complaint seeks injunctive relief for plaintiff and those similarly situated and demands the return of his $15 late filing fee.

No order was entered certifying any class.

■ The Governmental Ethics Act (Ill. Rev. Stat. 1989, ch. 127, par. 604A—101 *et seq.*) (the Act) requires that employees of local school districts who are compensated for services at the rate of $35,000 per year or more shall be required to file verified written statements of economic interests by May 1 of each year.[1]

---

[1]Section 4A—101 (Ill. Rev. Stat. 1989, ch. 127, par. 604A—101) provides:
"The following persons shall file verified written statements of economic interests ***:
* * *
(i) Persons who are employed by a school district *** and are compensated for services as employees and not as independent contractors at the rate of $35,000 per year or more ***."

The Act provides that the secretary or clerk of each school district shall certify to the Secretary of State and file a copy with the county clerk wherein each employee resides, a list of employees required to file economic interest statements.[2]

In 1989, as required by the Act, the Secretary of State, after certification by the Chicago board of education, gave plaintiff notice of the filing regulations and plaintiff filed his 1989 statement of economic interest 30 days late, paying a $15 late fee although he alleges he was on unpaid leave since November 1988.

Plaintiff's amended complaint alleges as to Jim Edgar, the Secretary of State: (1) that the Secretary of State had a duty to verify the correctness of his certification by the Chicago board of education; (2) that plaintiff is exempt from filing a statement of economic interest because he did not earn $35,000 or more and that it would be impermissible to use the "rate" of his compensation to compute the applicability of the statute to him; (3) that he is an employee of the State of

---

[2]Section 4A—106 (Ill. Rev. Stat. 1989, ch. 127, par. 604A—106) provides:

"The statements of economic interests required of persons listed in items (a) through (f) of Section 4A—101 shall be filed with the Secretary of State. The statements of economic interests required of persons listed in items (g), (h) and (i) of Section 4A—101 shall be filed with the county clerk of the county in which the person making the statement resides.

   ***

Not less than 60 days before the due date for filing such statements, annually, *** the clerk or secretary of each school district, unit of local government, special district or other governmental entity described in items (g), (h) and (i) of Section 4A—101 shall certify to the Secretary of State a list of the names and residence addresses of such persons described in these items (g), (h) and (i) as are required to file because of their relationship to the entity represented by the clerk or secretary. In preparing such lists, each such clerk or secretary shall setout the names in alphabetical order, by county of residence ***. ***

     * * *

The county clerk of each county shall note upon the alphabetical listing furnished to him or her by the Secretary of State, or, where the county clerk has elected under this Section to give the required notice, upon his or her own listing, the names of all persons required to file a statement of economic interests who failed to file such statement on or before May 1. It shall be the duty of the several county clerks to give notice as provided in Section 4A—105 to any person who has failed to file his or her statement with the clerk on or before May 1, regardless of whether such clerks have requested the Secretary of State to give the notice of the due date for filing prescribed in this Section."

Illinois rather than the Chicago board of education;[3] and (4) that he had certain constitutional rights of which the Secretary of State failed to advise him. As to the Clerk of Cook County, the amended complaint (1) alleges a similar failure by the Clerk to verify the correctness of the Chicago board of education's certification and (2) demands a refund of the $15 late fee. Plaintiff also seeks to enjoin both officials from the future requirement of his filing.

In dismissing the Secretary of State, the trial court relied on the provisions of the State Lawsuit Immunity Act (Ill. Rev. Stat. 1989, ch. 127, par. 801 (renamed as such in 1990)), which mandates that "the State of Illinois shall not be made a defendant or party in any court."[4]

Actions generally cannot be maintained when the State is the real or vital party in interest. *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240.

■ Generally, courts are not bound by the formal designation of the parties by the pleadings and must, instead, analyze the issues and the nature of relief sought to determine whether an action against a State official or employee is one actually against the State. *Currie v. Lao* (1992), 148 Ill. 2d 151, 158, 592 N.E.2d 977.

■ When it appears that the official did not act beyond the scope of his authority or through any wrongful acts or breach a duty not owed to the public generally independent of State employment, and involve matters ordinarily within the employee's employment functions for the State, then the suit, although nominally against the employee, is a claim attributable to the State. *Currie*, 148 Ill. 2d at 159; *Robb v. Sutton* (1986), 147 Ill. App. 3d 710, 713, 498 N.E.2d 267.

Similarly, if the relief requested could operate to control the actions of the State or subject it to liability, it will be determined to be a claim against the State. *Currie*, 148 Ill. 2d at 158; *Local 3236 v. Illinois State Board of Education* (1984), 121 Ill. App. 3d 160, 459 N.E.2d 300; *McGuire v. Board of Regents* (1979), 71 Ill. App. 3d 998, 390 N.E.2d 632.

---

[3]Section 4A—101(f) (Ill. Rev. Stat. 1989, ch. 127, par. 604A—101(f)) excludes teachers employed by the State from the filing requirement.

[4]Article XIII, section 4, of the 1970 Illinois Constitution abolished the ancient doctrine of sovereign immunity but permitted the General Assembly, by law, to provide for governmental immunities. This section was effective January 1, 1972, and in essence reinstates sovereign immunity except in actions under the Illinois Public Labor Relations Act and the Court of Claims.

■ We should note, however, that this section and the sovereign immunity doctrine that preceded it are not shields to be used by government officials, and where an officer of the State acts beyond his delegated or proper authority or abuses his discretion, then such actions will be against the officer and not the State and therefore will not offend the sovereign immunity statute. *Brando Construction, Inc. v. Department of Transportation* (1985), 139 Ill. App. 3d 798, 487 N.E.2d 1132; *Houseknecht v. Zagel* (1983), 112 Ill. App. 3d 284, 445 N.E.2d 402; *Board of Trustees of Community College District No. 508 v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 380 N.E.2d 988; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223.

Plaintiff's amended complaint clearly identifies defendant Jim Edgar as Secretary of State and seeks to enjoin him and successors to his governmental position.

■ If there is no legally cognizable allegation in the amended complaint that the Secretary of State failed to carry out the duties of his office, acted outside the scope of his authority, or acted in contravention to the law, then the State may not indirectly be made a party to the action because of the limitations of the State Lawsuit Immunity Act. *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 264, 470 N.E.2d 615.

■ Plaintiff seeks to impose upon the Secretary of State an obligation required neither expressly nor by implication by the General Assembly in its enactment of the Governmental Ethics Act. On the contrary, the Act is specific in requiring the secretaries of the boards of education to certify those employees compensated at the rate of $35,000 or more to the Secretary of State and then further prescribes for the Secretary of State the obligation to give certain statutory notices. The Act does not provide the Secretary with discretion in this regard nor does it require him to go beyond the school board's certification.

Accordingly, we find the Secretary of State has no duty to verify the accuracy of the list provided to him from the Chicago board of education in accordance with the Act.

By a monumental exercise in casuistry, plaintiff suggests that he is a State employee and therefore exempt from filing by reason of the statement in Article X, section 1, of the 1970 Illinois Constitution that "the State has the primary responsibility for financing the system of public education." He acknowledges, however, that it is the Chicago board of education that hired him and has been paying him.

Partial State funding of education through the school aid formula or for special education does not convert teachers hired by local school boards to State employees. Plaintiff is clearly an employee of the Chicago board of education and if compensated at a rate exceeding $35,000, the Chicago board of education has a statutory duty to certify him to the Secretary of State and Cook County Clerk.

Plaintiff suggests that there may be a difference between employees who earn $35,000 or more and employees who, under the language of the Act, are compensated "at the *rate* of $35,000 per year or more." (Emphasis added.) However, we need not consider whether there is ambiguity in the Act or whether we are required to provide statutory construction of the language since plaintiff's complaint states that he has received no salary or compensation from the Chicago board of education during the year in question, thus rendering the issue moot.

As to defendant Cook County Clerk, plaintiff claims that the Clerk also failed to perform a constitutional and statutory duty to verify whether plaintiff was required by law to file a statement before the Clerk gave plaintiff's name to the Secretary of State as a person who failed to make the required filing. Plaintiff contends that by reason of the Clerk's failure to provide protection of his privacy, he was injured by having to reveal personal information to the public and by being wrongfully penalized $15 for filing his statement after the deadline had passed.

Plaintiff fails to demonstrate that the Clerk has discretion under the Act to determine which individuals were required to file statements. The Act clearly provides that the secretary or clerk of each school district "shall certify to the Secretary of State a list of names and residence addresses" of persons employed by the school district who earn more than $35,000 per year. Ill. Rev. Stat. 1989, ch. 127, par. 604A—106 (referring to section 4A—101(i)).

The Act also clearly states that the county clerk "shall" notify those persons who failed to file by the required deadline and "shall" collect the late filing fees if the person was required to file with the county clerk. (Ill. Rev. Stat. 1989, ch. 127, pars. 604A—105(c), 604A—106.) Nowhere in the Act is it expressed or implied that the county clerk has the duty or discretion to review the names of those individuals who the local school district has determined were required to file a statement. An injunction will issue against a public officer only if his acts are beyond his authority or are contrary to law.

We do not agree with plaintiff's statement that the Governmental Ethics Act implies a constitutional duty upon county clerks to second-guess the determinations of the local school district clerks. Such discre-

tion would be nonsensically redundant, since the county clerk's office must then needlessly duplicate the same documents and records that the school districts already possess in order to verify a person's status.

Section 604A–106 of the Act was clearly drafted so that the entity with the closest relationship to pertinent information on the status of public employees—in this case, the local school districts—is the entity in the best position to determine who is required to file.

We find that the Cook County Clerk fulfilled his duty under the Act, including collecting from plaintiff $15 in late filing fees, and was not required by that Act or by the State Constitution to verify whether plaintiff was required to file a statement.

Although we have determined that plaintiff has failed to state a cause of action as to the Cook County Clerk, we do acknowledge the Act's failure to deal with the issue of an employee wrongly certified by the school board. Failure to file is not without sanction. The Act provides a $15 late fee if filed after May 31 or on or before June 15, and, in addition, imposes a $100-per-day fine for each day from June 16 to the date of filing. Failure to file by June 30 shall result in a forfeiture which would authorize the local State's Attorney to bring an action in *quo warranto* against any person failing to file. Ill. Rev. Stat. 1989, ch. 127, par. 604A–107.

It seems particularly unfortunate that an employee who may not be required to file may be unnecessarily concerned that his or her teaching certificate is at risk. However, it is for the legislature to provide such a remedial formula.

We can, however, note that in the event the Chicago board of education, after examining its records and determining that plaintiff did not receive any compensation during 1989, decertifies plaintiff as a person meeting the requirements for filing and so advises the Secretary of State or the Cook County Clerk, then it would be appropriate for the county clerk to strike the statement of economic interest filed in 1989 and refund $15 pursuant to the county clerk's authority provided by section 3–2003.4(a) of the Counties Code (Ill. Rev. Stat. 1991, ch. 34, par. 3–2003.4(a)).

For all of the reasons stated, the orders of the circuit court of Cook County dismissing the Secretary of State and the Clerk of Cook County are affirmed.

Affirmed.

TULLY and CERDA, JJ., concur.