3 December 1999

No. 2--99--0248

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

                                                                  

ASSOCIATION OF MID-CONTINENT ) Appeal from the Circuit

UNIVERSITIES, ) Court of Du Page County.

)

Plaintiff-Appellant, ) 

)

  )  No. 98--L--0706

)

THE BOARD OF TRUSTEES OF )

NORTHEASTERN ILLINOIS UNIVERSITY )

and NORTHEASTERN ILLINOIS )

UNIVERSITY, ) Honorable

) Kenneth Moy,

Defendants-Appellees. ) Judge, Presiding.

                                                                  

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, the Association of Mid-Continent Universities, appeals the judgment of the circuit court of Du Page County dismissing the complaint for breach of contract against defendants, the Board of Trustees of Northeastern Illinois University (the Board) and Northeastern Illinois University (NEIU), on the ground that the Court of Claims was the appropriate forum and, therefore, the claim was barred by sovereign immunity.  We affirm.

The facts are drawn from the pleadings.
  Plaintiff is an intercollegiate athletic conference that is part of the National Collegiate Athletic Association (NCAA).  NEIU became a member of plaintiff in 1994, after entering into a membership agreement with the conference.  The conference membership agreement stated that member universities were required to abide by plaintiff’s constitution and bylaws.

In September 1997, NEIU announced that it would withdraw from NCAA Division 1 athletics effective June 30, 1998, in order to enable the school to devote further resources to the educational needs of its students.  Because NEIU had not given two years’ notice of its intention to withdraw, plaintiff considered the withdrawal untimely under the conference constitution.  Accordingly, plaintiff demanded payment of a $200,000 liquidated damages penalty imposed by plaintiff’s constitution for an untimely withdrawal from the conference. 

NEIU refused to pay plaintiff the $200,000 liquidated damages,  and plaintiff filed suit in the circuit court of Du Page County for breach of contract.  NEIU filed a motion to dismiss plaintiff’s complaint under section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 1996)) on the ground that sovereign immunity barred any breach of contract action in the circuit court against an arm of the State of Illinois such as NEIU and required instead that the action be brought in the Court of Claims.  Plaintiff responded that certain 1996 statutory amendments made NEIU a separate entity apart from the State of Illinois (State) that could be sued for breach of contract in the circuit court, although tort actions against NEIU must be brought in the Court of Claims.  The circuit court disagreed and dismissed the action as barred by sovereign immunity.  Plaintiff timely appeals.

The sole issue presented by this appeal is whether a breach of contract claim against a state university and its board of trustees can be brought in the circuit court or whether it is barred by sovereign immunity.  The standard of review for a dismissal based on section 2--619 is 
de
 
novo
.  
Village of Riverwoods v. BG Limited Partnership
, 276 Ill. App. 3d 720, 724 (1995).

Sovereign immunity in Illinois exists pursuant to statute and mandates that the State or a department of the State cannot be sued in its own court or any other court without its consent.  The legislature enacted the State Lawsuit Immunity Act (Lawsuit Immunity Act) (745 ILCS 5/1 (West 1998)), which provides that the State shall not be made a defendant or party in any court except as provided in the Court of Claims Act (705 ILCS 505/1 
et seq.
 (West 1998)).  The Court of Claims Act created the Court of Claims as the "exclusive" forum for resolving lawsuits against the State.  705 ILCS 505/8 (West 1998).  The Court of Claims has exclusive jurisdiction to hear and determine:

"(b) All claims against the State founded upon any contract entered into with the State of Illinois.

***

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against *** the Board of Trustees of Northeastern Illinois University, *** provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 limit to or for the benefit of any claimant.  The $100,000 limit prescribed by this Section does not apply to an award of damages in any case sounding in tort arising out of the operation by a State employee of a vehicle owned, leased or controlled by the State.  The defense that the State or *** the Board of Trustees of Northeastern Illinois University *** is not liable for the negligence of its officers, agents, and employees in the course of their employment is not applicable to the hearing and determination of such claims."  705 ILCS 505/8(b), (d) (West 1998).

The purpose of sovereign immunity is to protect the State from interference with the performance of governmental functions and to preserve and to protect State funds.  
People ex rel. Manning v. Nickerson
, 184 Ill. 2d 245, 248 (1998).  Additionally, those entities that can be considered as arms of the State are also immune from suit.  Therefore, in determining whether sovereign immunity applies, the analysis should focus first on whether an entity is considered an arm of the State.  See 
City of Chicago v. Board of Trustees of the University of Illinois
, 293 Ill. App. 3d 897, 901 (1997).  However, because plaintiff’s first argument is based on the terms of the statute rather than on NEIU's characteristics as an arm of the State, we will address this contention first.

Plaintiff points out that section 8(d) of the Court of Claims Act was amended on January 1, 1996, to include specific references to "the Board of Trustees of Northeastern Illinois University" in the list of entities against which tort claims can be brought in the Court of Claims (Pub. Act 89--4, eff. January 1, 1996, amending 705 ILCS 505/8(d) (West 1994)), while section 8(b) refers only to contract claims against "the State" (705 ILCS 505/8(b) (West 1998)).  Plaintiff asserts that adding the Board to the section dealing with tort claims indicates the legislature’s intent that the Board is to be considered separate from the State.  Relying on statutory rules of construction, plaintiff further argues that, by inserting the word "and" as to "[a]ll claims against the State for damages in cases sounding in tort *** 
and
 all like claims sounding in tort against the State or the *** Board" (emphasis added) (705 ILCS 505/8(d) (West 1998)), both contract and tort claims against "the State" must be brought in the Court of Claims but only tort claims against the Board need be brought in the Court of Claims.  Plaintiff also argues that, if the Board were to be included within the term "State," section 8(d) would be rendered entirely superfluous.  Therefore, plaintiff contends that sovereign immunity does not apply to the Board and that the circuit court has jurisdiction over its contract claim.  We disagree for several reasons.

First, the legislature amended section 8(d) of the Court of Claims Act to make specific reference to "the Board of Trustees of Northeastern Illinois University" and deleted references to the now defunct "Board of Regents of the Regency Universities System and the Board of Governors of State Colleges and Universities."  Pub. Act 89--4, eff. January 1, 1996, amending 705 ILCS 505/8(d) (West 1994).  All other language under section 8 remained unaltered by the amendment. The amendments did not otherwise alter the wording of the tort and contract provisions.  Therefore, the statutory language in this case remains the same as that previously considered by Illinois courts that have held that the statute’s silence regarding breach of contract claims against different defendant boards does not deprive the Court of Claims of jurisdiction.  See, 
e.g.
, 
Raymond v. Goetz
, 262 Ill. App. 3d 597 (1994); 
Liebman v. Board of Governors of State Colleges & Universities
, 79 Ill. App. 3d 89 (1979); 
McGuire v. Board of Regents of Northern Illinois University
, 71 Ill. App. 3d 998 (1979).

Second, it is apparent that the legislature specifically enacted section 8(d) of the Court of Claims Act to remove State institutions and their employees from the umbrella of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1--101 
et
 
seq.
 (West 1998)).  By enacting section 8(d), the legislature allowed plaintiffs to bring tort claims against State institutions and their employees in the Court of Claims.  

Third, it is the Lawsuit Immunity Act and not the Court of Claims Act that is determinative of whether tort or contract claims against the state institution must be brought in the Court of Claims.   As stated earlier, the Lawsuit Immunity Act provides that the State shall not be made a defendant or party in any court except in the Court of Claims.  745 ILCS 5/1 (West 1998).  Since the Lawsuit Immunity Act makes no distinction between tort and contract actions, entities such as the  Board in this case have immunity to claims in the circuit court sounding in contract as well as in tort.  
Raymond
, 262 Ill. App. 3d at 603; 
McGuire
, 71 Ill. App. 3d at 1002-03 (Green, J., specially concurring).

Finally, the supreme court in 
Ellis v. Board of Governors of State Colleges & Universities
, 102 Ill. 2d 387, 394-95 (1984), held that an action brought in either tort or contract against a State college or university must be filed in the Court of Claims.  Specifically, the court stated, "It is clear that since we decided that the Board is an arm of the State and must be sued in the Court of Claims, whether the plaintiff’s cause of action sounds in tort, or in contract ***, the Court of Claims has exclusive jurisdiction."  102 Ill. 2d at 394-95.  We must therefore reject plaintiff’s reasoning.

As stated above, regardless whether a claim sounds in tort or contract, the focus of the analysis for purposes of sovereign immunity is whether the entity sued is considered to be an arm of the State.  If so, the suit can be brought only in the Court of Claims.  Accordingly, we next address whether the Board is an arm of the State based upon its characteristics, not upon the terms of the statute.

As part of the same January 1, 1996, legislation that amended the Court of Claims Act, the Northeastern Illinois University Law became effective and the Board came into existence.  110 ILCS 680/25--1 
et
 
seq.
 (West 1998).  The Board was vested with all the rights, powers, and duties relating to the operation, management, control, and maintenance of the university that originally were vested by law in the Board of Governors of State Colleges and Universities.  110 ILCS 680/25--35 (West 1998). 

In conjunction with the amendment to the Court of Claims Act and the Northeastern Illinois University Law, the State Finance Act also was amended, effective January 1, 1996.  30 ILCS 105/6a (West  1998).  The amendment empowered the Board to keep and manage all of its own tuition, fees, earnings, and other funds in its own separate financial accounts.  30 ILCS 105/6a--1f (West 1998).  Formerly, these funds were held in the State treasury and appropriated from time to time by resolution of the General Assembly.  30 ILCS 105/6a (West 1994).

Plaintiff asserts that the Board became an independent corporate and fiscal entity because the 1996 legislation  reorganized State colleges and universities and created a treasury separate from the State.  Plaintiff concludes that any contract action against the Board would not adversely affect the fiscal rights of the State and, therefore, the Board is not an arm of the State.  We disagree.

In 
Ellis
, the court held that sovereign immunity barred a circuit court action by a former NEIU professor who alleged that she was unlawfully discharged by the Board of Governors of State Colleges and Universities of Illinois (Board of Governors).  
Ellis
, 102 Ill. 2d at 391-95.  The court concluded that the Board of Governors was an arm of the State for purposes of sovereign immunity.  
Ellis
, 102 Ill. 2d at 393.  In reaching this conclusion, the court reasoned that numerous facts and statutory provisions characterized the Board of Governors as an arm of the State.  For example, the Board of Governors was created by and operated pursuant to statute, employees were paid with State funds, and all of the Board of Governor’s excess revenues were paid to the State treasury.  
Ellis
, 102 Ill. 2d at 391-94 (and the cases cited therein); see also 
Chicago
, 293 Ill. App. 3d at 901. 

Many of the factors relied upon by 
Ellis
 are present in this case.  We believe that these factors indicate that the Board is subject to a substantial degree of fiscal control.  The Board was created by the General Assembly, and its voting members are appointed by the Governor with the Senate’s approval.  110 ILCS 680/25--10, 25--15 (West 1998).  The Board has the power of eminent domain, and it holds title to any real property that it acquires in the name of the people of the State of Illinois.  110 ILCS 680/25-

40 (West 1998).  Certain claims against the Board may be brought only in the Court of Claims.  110 ILCS 680/25-40 (West 1998).  The Board’s income and expenditures are audited by the State Auditor General.  30 ILCS 105/6(a)--1f(7) (West 1998).  NEIU employees participate in the State Universities Civil Service System (110 ILCS 70/1.01 
et
 
seq.
 (West 1998)) and the State Universities Retirement System (40 ILCS 5/15--101 
et
 
seq.
 (West 1998)).

Other factors also persuade us that the Board is subject to fiscal control by the State.  The legislature continues to appropriate funds to NEIU.  See, 
e.g.
, 110 ILCS 680/25--40 (West 1998).  The Board must submit its budget proposals for the next fiscal year to the Illinois Board of Higher Education.  110 ILCS 205/8 (West 1998).  NEIU is subject to the requirements of the State Property Control Act (30 ILCS 605/1.01, 1.05 (West 1998)).  In addition, NEIU’s personal and real property can be sold or disposed of only by the Director of the Illinois Department of Central Management Services.  30 ILCS 605/7, 7.1 (West 1998).  

Relying on section 25--40 of the Northeastern Illinois University Law, which states that the Board "shall not create any liability or indebtedness of funds from the State Treasury in excess of the funds appropriated to [NEIU]," plaintiff believes that NEIU is precluded from creating liability affecting the State when it contracts with others.  110 ILCS 680/25--40 (West 1998).  We disagree.  This section merely limits the amount of liability or indebtedness that NEIU can create to the amount of State funds appropriated to NEIU.  Moreover, if we were to construe this section as a characteristic of NEIU’s independence, then the limitation in section 25--40 would be unnecessary because an independent entity could not create any liability or indebtedness of funds that would affect the State treasury.

Additionally, we do not find 
People v. Illinois Toll Highway Comm'n
, 3 Ill. 2d 218 (1954), controlling.  In concluding that the commission was not an arm of the State, the court relied heavily on the fact that the State assumed no liability upon the bonds issued by the commission upon any other contractual obligation that it incurred.  
Toll Highway Comm'n
, 3 Ill. 2d at 225.  In the present case, however, it is clear that the general funds of the State can be reached in order to satisfy an obligation of the Board.

Plaintiff further argues that the legislature would be forced to make appropriations to pay Court of Claims awards against NEIU.  Plaintiff claims that this would lead to an absurd result because the legislature made NEIU an independent fiscal entity.  We have already determined, however, that NEIU is not an independent fiscal entity for purposes of sovereign immunity.  Further, we fail to see how plaintiff can reconcile this contention when it does not dispute that the legislature must make appropriations to pay off tort claims brought against NEIU in the Court of Claims.  We find plaintiff’s argument unpersuasive.  Accordingly, we conclude that the trial court correctly found that the Board is an arm of the State and therefore the breach of contract action seeking damages from NEIU must be brought in the Court of Claims.

Based on the foregoing, the decision of the circuit court of Du Page County dismissing plaintiff’s complaint for lack of subject matter jurisdiction is affirmed.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.