THIRD DIVISION

                                   Date Filed: December 31, 2003

No. 1-02-1138

BERNADETTE WILLIAMS, Indiv. and as ) Appeal from the

Special Adm'r of the Estate of     ) Circuit Court of

Robert James Williams, Deceased,   ) Cook County.

                                   )

       Plaintiff-Appellant,        )

                                   )

       v.                          ) No. 01 L 5070

                                   )

MARIANNE DAVET and AGNES HAYES,    )                       

                                   )

       Defendants                  )

                                   )

(Jose Pazhampally and Madden Mental) Honorable

Health Center,                     ) Michael J. Hogan,

                                   ) Judge Presiding.

       Defendants-Appellees).      )

     JUSTICE HALL delivered the opinion of the court:

     The plaintiff, Bernadette Williams, special administrator of  the estate of Robert James Williams, deceased, appeals from an order of the circuit court of Cook County dismissing her complaint for damages against the defendants, Jose Pazhampally and Madden Mental Health Center (Madden).
(footnote: 1) 

     On May 1, 2001, the plaintiff refiled  her complaint for damages, alleging the following facts.
(footnote: 2)
     On June 16, 1996, Robert James Williams (Robert) was arrested for disorderly conduct.  While in police custody, Robert attempted to injure himself by ramming his head into the cell bars and trying to hang himself.  Robert was taken to Christ Hospital, where police officers signed a certificate setting forth their observations of Robert for purposes of a petition for involuntary admission.  After being examined by a physician and a psychiatrist at Christ Hospital, a petition for involuntary admission was completed and signed.  While at Christ Hospital, Robert's behavior required the use of physical restraints.

     The physician at Christ Hospital contacted Mr. Pazhampally, a social worker, at Madden, and requested that Robert be transferred to Madden.  Mr. Pazhampally, acting on behalf of Madden, accepted the transfer.  Robert was transported to Madden by ambulance, along with copies of his records from Christ Hospital and the petition and certificates for involuntary admission.

     Mr. Pazhampally reviewed Robert's history, which included information that he had managed to free himself from one restraint.  Robert also admitted to defendants Davet and Hayes that he had recently started using crack cocaine.  However, Robert was released to the plaintiff's custody without treatment.  The plaintiff was unaware that Robert had attempted to hang himself and was not warned of the risk of suicide.

     After returning home, Robert hanged himself, resulting in his death on June 21, 1996.

     

     On July 18, 2001, Mr. Pazhampally filed a motion to dismiss pursuant to section 2-1010 of the Code of Civil Procedure (735 ILCS 5/2-1010 (West 2000)), supported by his affidavit.  On October 18, 2001, the circuit court denied Mr. Pazhampally's section 2-1010 motion to dismiss.  

     On December 12, 2001, Mr. Pazhampally and Madden filed an amended motion to dismiss pursuant to section 2-619(a)(1) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(1) (West 2000)).  The motion alleged that the complaint should be dismissed as to them because the doctrine of sovereign immunity barred suits against the State and its agents and, therefore, the circuit court lacked subject matter jurisdiction.

     On March 22, 2002, the circuit court granted the motion to dismiss on the basis that it lacked subject matter jurisdiction.  The circuit court also made a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement, appeal, or both enforcement and appeal of its order.

     The plaintiff filed a timely notice of appeal.

     The issues raised on appeal are whether the circuit court erred in dismissing the plaintiff's complaint as to Madden and Mr. Pazhampally pursuant to the doctrine of sovereign immunity and whether the circuit court erred in denying Mr. Pazhampally's section 2-1010 motion to dismiss.

ANALYSIS

I.  Standard of Review

     Motions to dismiss under section 2-619 of the Code are reviewed 
de
 
novo
.  
Owens v. McDermott, Will & Emery
, 316 Ill. App. 3d 340, 344, 736 N.E.2d 145, 150 (2000).

                     II.  Discussion

     Section 2-619(a)(1) provides in pertinent part as follows:

     "(a) Defendant may, within the time for pleading, file a motion for dismissal of the action *** upon any of the following grounds. ***

  (1) That the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction."  735 ILCS 5/2-619(a)(1) (West 2000).

A.  Madden

     The plaintiff contends that the circuit court erred in determining that the doctrine of sovereign immunity required that Madden be sued in the Court of Claims.  

     The Court of Claims Act (the Act) (705 ILCS 505/1 
et
 
seq
. (West 2000)) established a court of claims to serve as a forum for actions against the State.  
Healy v. Vaupel
, 133 Ill. 2d 295, 307, 549 N.E.2d 1240, 1246 (1990).  

     Section 8(d) of the Act provides in pertinent part as follows:

     "The court [of claims] shall have exclusive jurisdiction to hear and determine the following matters:

* * *

      (d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against the Medical Center Commission, the Board of Trustees of the University of Illinois, the Board of Trustees of Southern Illinois University, the Board of Trustees of Chicago State University, the Board of Trustees of Eastern Illinois University, the Board of Trustees of Governors State University, the Board of Trustees of Illinois State University, the Board of Trustees of Northeastern Illinois University, the Board of Trustees of Northern Illinois University, the Board of Trustees of Western Illinois University, or the Board of Trustees of the Illinois Mathematics and Science Academy ***."  705 ILCS 505/8(d) (West 2000).

     The plaintiff contends that since Madden is not listed in section 8(d), the legislature did not intend for the Court of Claims to have exclusive jurisdiction over tort actions involving Madden.  The plaintiff then reasons that the circuit court's dismissal order as to Madden would be proper only if Madden could demonstrate that the plaintiff's complaint was only nominally against Madden and, in effect, was an action against the State.

     Sovereign immunity in Illinois exists pursuant to statute and mandates that the State or any department of the State cannot be sued in its own court or any other court without its consent.  
Association of Mid-Continent Universities v. Board of Trustees of Northeastern Illinois University
, 308 Ill. App. 3d 950, 952, 721 N.E.2d 805, 807 (1999).  The legislature enacted the State Lawsuit Immunity Act (Lawsuit Immunity Act) (745 ILCS 5/1 (West 1998)), which provides that the State shall not be made a defendant or party in any court except as provided in the Court of Claims Act.  
Association of Mid-Continent Universities
, 308 Ill. App. 3d at 952, 721 N.E.2d at 807.  

     Generally, an agency of the State may not be a defendant in a circuit court action because State agencies are considered to be arms of the State itself, which is immune from suit in the circuit court.  
Rockford Memorial Hospital v. Department of Human Rights
, 272 Ill. App. 3d 751, 756, 651 N.E.2d 649, 654 (1995).  However, the rule is not absolute: "'The determination that a claim is one against the State does not depend upon the State agency being named as a party. [Citation.]  The determination depends instead on the issues involved and the relief sought.' [Citations.]"   
Rockford Memorial Hospital
, 272 Ill. App. 3d at 756-57, 651 N.E.2d at 654.  In determining whether sovereign immunity applies to a particular case, substance takes precedence over form.  
Rockford
, 272 Ill. App. 3d at 757, 651 N.E.2d at 654.

     Sovereign immunity exists only if (1) the defendant is an arm of the State; (2) the plaintiff's action could subject the State to liability; and (3) no exceptions to the doctrine exist.  
C.J. v. Department of Human Services
, 331 Ill. App. 3d 871, 876-77, 771 N.E.2d 539, 545 (2002).

     The fact that Madden was not listed in section 8(d) does not deprive it of the protection of sovereign immunity.  Madden is a facility under the jurisdiction of the Department of Human Services and is State operated.  See 20 ILCS 1705/4 (West 2000).  Therefore, Madden is an arm of the State.  See also 
Jinkins v. Lee
, 337 Ill. App. 3d 403, 405, 785 N.E.2d 914, 916 (2003), 
(referring to Madden as a "State of Illinois mental health care facility"), 
appeal
 
allowed
, 204 Ill. 2d 660, 792 N.E.2d 307 (2003).

     Madden is not a nominal defendant in this case.  The plaintiff's complaint alleged that Madden, acting through its agents, the other named defendants, committed tortious acts resulting in the death of the plaintiff's decedent.  The complaint sought damages from Madden, as well as from the individual defendants, and therefore constitutes a present claim that could subject the State to liability.  Compare 
C.J.
, 331 Ill. App. 3d at 877, 771 N.E.2d at 546 (complaint seeking injunctive relief was not a "present claim").  

     Finally, there are no applicable exceptions to the rule in this case.  Compare 
Healy
, 133 Ill. 2d at 308, 549 N.E.2d at 1247 (sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances, an action may be brought in circuit court).  

     We conclude that sovereign immunity bars the plaintiff from suing Madden in this case.  Therefore, the circuit court lacked subject matter jurisdiction and correctly granted Madden's motion to dismiss.  See 
Swope v. Northern Illinois Gas Co.
, 221 Ill. App. 3d 241, 243, 581 N.E.2d 819, 821 (1991) (where a trial court lacked subject matter jurisdiction due to the doctrine of sovereign immunity, it could not order a transfer to the Court of Claims but could only dismiss the action).

B.  Mr. Pazhampally

     The plaintiff contends that, even though he is a state employee, Mr. Pazhampally is not entitled to the protection of sovereign immunity because his acts violated the same duty imposed on all persons who perform those acts rather than by virtue of his state employment.  

     We need not reach this argument because we conclude that the circuit court erred when it denied Mr. Pazhampally's motion to dismiss pursuant to section 2-1010 of the Code.

     Section 2-1010 of the Code provides in pertinent part as follows:

    "(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, a party may, in lieu of answering or otherwise pleading, file an affidavit certifying that he or she was not directly or indirectly involved in the occurrence or occurrences alleged in the action.  In the event such an affidavit is filed, the court shall order the dismissal of the claim against the certifying party, except as provided for in subparagraph (b).

      (b) Any party may oppose the dismissal or move to vacate the order of dismissal and reinstate the certifying party, provided he or she can show that the certifying party was directly or indirectly involved in the occurrence or occurrences alleged in the action."  735 ILCS 5/2-1010 (West 2000).

     According to his affidavit, filed in support of his section 2-1010 motion to dismiss, Mr. Pazhampally's only contact with Robert was to log in his arrival and to have him wait until the social worker from Proviso Family Services, an outside agency, could see him.  He stated that he did not have any decision- making authority with regard to the involuntary or voluntary admission of Robert to Madden and that he did not treat, diagnose or assess Robert and did not "deflect" Robert from admission to Madden.  

     The plaintiff filed a response to the section 2-1010 motion and attached Mr. Pazhampally's deposition, which had been taken prior to the dismissal of the case in 1998.  Relying on the deposition testimony, the plaintiff maintained that the following actions established  Mr. Pazhampally's involvement in this case: he received information about Robert from Christ Hospital; he obtained the necessary documentation, which was then turned over to the medical director who approved the transfer; he notified Christ Hospital to transfer Robert; and he called another individual to do an assessment of Robert.        

     The circuit court denied Mr. Pazhampally's section 2-1010 motion to dismiss.  No cross-appeal was filed in this case.  However, the denial of a motion to dismiss is not, of itself, a final appealable order.  
Landmarks Preservation Council of Illinois v. City of Chicago
, 125 Ill. 2d 164, 174, 531 N.E.2d 9, 13 (1988).  The finding of the circuit court adverse to the appellee does not require that the appellee cross-appeal if the judgment was not, at least in part, against him.  
Landmarks Preservation Council of Illinois
, 125 Ill. 2d at 174, 531 N.E.2d at 13. 

     In order to resolve this issue, we must construe the language of the statute and therefore, our review is 
de
 
novo
.  
 
Revolution Portfolio, LLC v. Beale
, 332 Ill. App. 3d 595, 600, 774 N.E.2d 14, 19 (2002) (issues as to statutory construction are reviewed 
de
 
novo)
. 

     The gist of the plaintiff's action in this case is that Mr. Pazhampally and Madden were negligent in failing to obtain a proper history and in not admitting Robert to Madden.  However, a review of Mr. Pazhampally's deposition reveals that his role in this case was limited to receiving documents and relaying the information that he received.  He was not responsible for and was not involved in any decision not to admit Robert to Madden.   

     In the exercise of statutory construction, the court's primary task is to ascertain and effect the intent of the legislature.  
Beale
, 332 Ill. App. 3d at 603, 774 N.E.2d at 21-22.  Our inquiry must always begin with the language of the statute, which is the surest and most reliable indicator of the legislative intent.  
Beale
, 332 Ill. App. 3d at 603, 774 N.E.2d at 22.  The language of a statute must be given its plain and ordinary meaning, and where the language is unambiguous, we have no occasion to resort to statutory aids of construction.  
Beale
, 332 Ill. App. 3d at 603, 774 N.E.2d at 22.

      Section 2-1010 refers to "direct[] or indirect[]" involvement in the "occurrence or occurrences alleged in the action."  735 ILCS 5/2-1010(a) (West 2000).  An occurrence is defined as "[s]omething that happens or takes place."  Black's Law Dictionary 1107 (7th ed. 1999).

     The "occurrence" in this case was the decision not to admit Robert to Madden.  In his deposition, Mr. Pazhampally described his role as follows:

      "I have to take information from the referred [
sic
] agencies and provide those [
sic
] information to the medical doctor and the psychiatrist.

BY MS. CLINITE (the plaintiff's attorney):

      Q.  That was the end of your role, then?

      When you had finished getting the information back from the doctor and contacted the other hospital, then that was the end of your involvement?

      A.  Yes."

     Later in his deposition, Mr. Pazhampally testified that he had nothing to do with the intake assessment of Robert, that he never spoke to Robert because there was no need to do so and that he never spoke to members of Robert's family or the police.  His conversations with the staff at Madden and at Christ Hospital were limited to receiving and forwarding information and contacting a staff member to do the psychological assessment.  

     Based on his deposition testimony, Mr. Pazhampally was not involved in the decision not to admit Robert to Madden, either directly or indirectly.  

    We conclude that the circuit court erred when it denied Mr. Pazhampally's section 2-1010 motion.  In light of our decision, we need not address whether the public officials' immunity doctrine applied to Mr. Pazhampally. 

      For all of the foregoing reasons, we affirm the granting of the section 2-619 motion to dismiss as to Madden.  We reverse the denial of Mr. Pazhampally's section 2-1010 motion to dismiss and remand the cause to the circuit court for entry of an order granting Mr. Pazhampally's section 2-1010 to dismiss.  

     Affirmed in part and reversed in part; cause remanded with directions.

     SOUTH and KARNEZIS, JJ., concur.

     

     

          

    

     

     

      

     

     

FOOTNOTES
1:
The defendants Davet and Hayes are not parties to this appeal.

2:
The plaintiff's original complaint was dismissed for want of prosecution.