Ernst Behnke, Plaintiff in Error, v. Turn Verein Einigkeit, Defendant in Error.

Gen. No. 18,159.

1. MUNICIPAL COURT—*statement of facts.* A statement of facts is presented within the time required by section 23 of the Municipal Court Act where final judgment is entered November 11, the statement is presented for approval December 9, and in the following March the court on motion orders the statement filed *nunc pro tunc* as of December 9.

2. CONTRACTS—*when custom as to vacation for teacher enters into contract.* Where a teacher is employed from year to year at a fixed salary per month and it appears that by custom the months of July and August are vacation months for which full salary is paid without any attempt to control the time of the teacher, such custom becomes a part of the contract.

3. CONTRACTS—*when teacher entitled to salary during vacation months.* Where a teacher was employed from year to year at a fixed salary per month under a contract whereby by custom July and August were vacation months during which he might use his time as he saw fit, and his employer accepted his resignation tendered to take effect September 1, he is entitled to his salary for July and August, when he performed all the services required from the time of the tender to September 1, though he was employed by a third person during July and August.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and judgment here. Opinion filed May 9, 1913.

LEOPOLD SALTIEL and MEYER ROSSEN, for plaintiff in error.

ROST & SMITH, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

An action of the fourth class was commenced in the Municipal Court of Chicago by Ernst Behnke, plaintiff in error, hereinafter called plaintiff, against

the Turn Verein Einigkeit, defendant in error, hereinafter called defendant, to recover the sum of $170 for salary due him as teacher of physical culture during the months of July and August, 1911. On the trial before the court without a jury, the court found for the defendant and judgment was entered on the finding.

It is urged by the defendant that the plaintiff has no standing in this court for the reason that the statement of facts with the questions of law involved was not filed and approved within the statutory period for filing and signing same.

The abstract of record shows that final judgment against plaintiff was entered November 11, 1911, and that the statement of facts was presented to the judge for approval December 9, 1911, and that subsequently, on the fifth day of March, 1912, on motion for approval of statement of facts presented, the court sustained the motion and ordered that the statement of facts be filed *nunc pro tunc* as of the ninth day of December, 1911. In our opinion the statement of facts was presented within the time allowed by law, and the cause is properly before this court for review upon its merits.

The evidence shows that in August, 1903, plaintiff was employed as a teacher of physical culture by the defendant, a corporation not for pecuniary profit. The only written evidence of the employment was a part of the minutes of the defendant society, which reads as follows:

"There were numerous motions in regard to hiring a turning teacher and lastly a motion was made and carried that Teacher Behnke be appointed for one year, with the privilege of three months' trial, and should he not be satisfactory to this Society during the trial period, the Society has the privilege to discharge him."

From that date, August, 1903, the plaintiff continued in the services of the defendant as teacher

until April, 1911, when he tendered his resignation to the defendant to take effect September 1st of that year. His resignation as tendered was accepted. The school year of the defendant was divided into two terms,—the first term covering the months of September, October, November, December and January, the second term, February, March, April, May and June. The evidence fairly shows that the months of July and August of each year were vacation months during which time the training teacher gave no instruction and had no duties to perform. The classes were closed about the 26th day of June, 1911. After that date, plaintiff was not called upon during his employment for instruction, and during July and August in each year he was at liberty to occupy his time as he chose.

On June 26, 1911, the plaintiff was employed by the West Park Board as a gymnastic instructor and received salary from the Board commencing on that date. The defendant refused to pay the plaintiff for the months of July and August upon the ground that he performed no work for the defendant during those months, and that he was in the employ of the West Park Board and received a salary from that Board. The sole question in the case is thus presented as to whether plaintiff is entitled to his salary for the months of July and August, 1911.

It is clear, in our opinion, from the evidence that the months of July and August in each year were vacation months, and that the custom existing in relation thereto entered into and became part of the contract between the parties. Under this custom, the defendant paid the full salary during the actual vacations in July and August of each year without any attempt to control the time of the plaintiff or in any way interfere with or restrict him during the vacation periods. The inference under the evidence is clear that he was at liberty to employ his vacation

time as he saw fit, and he might be otherwise employed during his vacations; hence, his employment by the West Park Board and his performance of duties as physical instructor there during July and August, 1911, were not in violation of his contract with the defendant. *University of Illinois v. Bruner,* 175 Ill. 307. The defendant, under the contract, could not require of the plaintiff service during the vacation period. The defendant recognized the employment of the plaintiff during the months in question by accepting his resignation to take effect September 1st. The employment was from year to year. His salary as teacher was at the rate of $85 per month at the time his resignation was tendered and accepted. In our opinion the tender of the resignation and its acceptance was an admission of the continuance of the employment until September 1st, and the proof shows that he performed all the services required of him from the time the resignation was tendered until September 1st. He is therefore entitled to his salary for the months of July and August, amounting to $170.

The judgment of the court below was erroneous and is reversed with a finding of fact, and judgment will be entered here for $170.

*Reversed and judgment here.*