RONALD A. LIEBMAN, Plaintiff-Appellant, *v.* THE BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES *et al.*, Defendants-Appellees.

First District (5th Division)    No. 79-270

Opinion filed December 7, 1979.

90

Lawrence S. Adelson, of Isham, Lincoln & Beale, of Chicago, for appellant.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (Kenneth G. Kombrink, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought this action in the circuit court of Cook County against defendants Board of Governors of State Colleges and Universities (Board) and Benjamin Alexander, President of Chicago State University. In granting defendants' motion to dismiss, the trial court found plaintiff's suit to be an action sounding in contract against the State of Illinois and therefore, maintainable only in the Court of Claims. On appeal, plaintiff contends that the Board is not an agency of the State and, consequently, may be sued in the circuit court.

According to the allegations of his complaint, plaintiff was employed as a teacher at Chicago State University, a part of the State Colleges and Universities System. His employment contract extended from January 1, 1977, to January 30, 1977, and expressly incorporated the bylaws and governing policies of the Board. After completion of his term of employment, Liebman learned that he would not be retained as a teacher for the fall term. He then requested a review of that decision as provided for in the Board's bylaws. This request was denied. In response, plaintiff brought this suit predicated on the defendants' breach of his contract by refusing to review the University's decision not to retain his services. In his prayer for relief, he sought monetary damages, reinstatement and other appropriate equitable relief as determined by the court.

Defendants moved to dismiss the complaint on the ground that it was an action sounding in contract brought against an agency of the State. Thus, the action was maintainable only in the Court of Claims. The trial court agreed and dismissed the action with prejudice.

OPINION

Before proceeding to plaintiff's arguments, a brief discussion of sovereign immunity in the State of Illinois is warranted. Prior to 1970 sovereign immunity existed by virtue of article IV, section 26, of the Illinois Constitution of 1870. Section 26 stated: "The state of Illinois shall never be made defendant in any court of law or equity." The Illinois Constitution of 1970, however, abolished sovereign immunity except to the extent that the General Assembly provided otherwise. Article XIII, section 4, of the Illinois Constitution of 1970 states: "Except as the General Assembly may provide by law, sovereign immunity in this state is abolished." In response, the General Assembly enacted the following piece of legislation in 1972:

> "Except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal An ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." (Ill. Rev. Stat. 1977, ch. 127, par. 801.)

Thus, with the enactment of this legislation in 1972, the cloak of sovereign immunity was again brought forth and its protection limited only by the provisions of the Court of Claims Act.

The limits on the sovereign immunity of the State relevant to this action are defined by the Court of Claims Act as follows:

> "The court [Court of Claims] shall have exclusive jurisdiction to hear and determine the following matters:
> * * *
> (b) All claims against the State founded upon any contract entered into with the State of Illinois
> * * *
> (d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like suits sounding in tort against * * * the Board of Governors of State Colleges and Universities; * * *." (Ill. Rev. Stat. 1977, ch. 37, par. 439.8.)

In the instant case, the threshold question is whether the Board is identical to the "State" as referred to in section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(b)).

In *Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 356 N.E.2d 1340, the court held that the Board was an arm of the State and therefore could only be sued in the Court of Claims. In reaching this decision, the court reasoned:

> "The facts of the instant case are similar to those in *Williams* [*Williams v. Medical Center Commission* (1975), 60 Ill. 2d 389, 328 N.E.2d 1] because not only does section 8 of the Court of Claims

Act refer to the Board by name (Ill. Rev. Stat. 1973, ch. 37, par. 439.8), but numerous statutory provisions expressly or impliedly characterize the Board as an arm of the State. For instance, the Board is a creation of the General Assembly and is appointed by the Governor with the consent of the Senate. (Sections 1 and 2 of the State Colleges and Universities Act (Ill. Rev. Stat. 1973, ch. 144, pars. 1001-1002).) The Board possesses the power of eminent domain, can be sued only in the Court of Claims and holds all real property 'for the People of the State of Illinois.' (Section 7 of the State Colleges and Universities Act (Ill. Rev. Stat. 1973, ch. 144, par. 1007).) All of the Board's excess revenues are payable to a special fund in the State Treasury and the General Assembly has the power to make appropriations from that fund for the use of the Board. (Section 6a of the State Auditing Act (Ill. Rev. Stat. 1973, ch. 127, par. 142a).) The Board's expenditures are subject to regulation by the Department of General Services and subject to audit by the State Auditor General. (Section 67 of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1973, ch. 127, par. 63b13); section 6 of the State Auditing Act (Ill. Rev. Stat. 1973, ch. 127, par. 142).) Finally, employees of the Board are covered by the State University Civil Service System (section 36b of the University Civil Service System Act (Ill. Rev. Stat. 1973, ch. 24½, par. 38b1)), and they are participants in the State Universities Retirement System. Sections 15—106, 15—134 of the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, pars. 15—106, 15—134)." (*Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 318, 356 N.E.2d 1340, 1342.)

Based on the reasoning of the *Kane* court, we hold that the Board is an arm of the State. Therefore, plaintiff's action sounding in contract against the Board must be brought in the Court of Claims.

Plaintiff contends, however, that the statutes defining the powers of the Board (Ill. Rev. Stat. 1977, ch. 144, par. 1007) and the jurisdictional provisions of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(b), (d)) imply that contract actions against the Board may be brought in the circuit courts. First the Board is empowered "to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." (Ill. Rev. Stat. 1977, ch. 144, par. 1007.) Since the statute only expressly required tort actions to be brought in the Court of Claims, plaintiff argues, that contract actions, by implication, may be brought in the circuit courts. Second, section 8 of the Court of Claims Act provides that contract action against the State must be brought in the Court of Claims and also states that claims

sounding in tort against "the State * * * and all like claims sounding in tort against the Board of Governors of State Colleges and Universities * * *" must be brought in the Court of Claims. Plaintiff contends that the express enumeration of the State and the Board with regard to tort claims when compared with the statutory reference only to the State concerning contract claims implies that contract claims against the Board may be brought outside the Court of Claims. We disagree.

In *McGuire v. Board of Regents* (1979), 71 Ill. App. 3d 998, 390 N.E.2d 632, plaintiff brought an action for breach of his employment contract at Northern Illinois University. The trial court dismissed plaintiff's action because the Board of Regents was an arm of the State and therefore, could only be sued in the Court of Claims. On appeal, plaintiff raised a statutory construction argument identical to the one presently before us. As in the present case, the defendant in *McGuire* was empowered "to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims." (Ill. Rev. Stat. 1977, ch. 144, par. 307.) Plaintiff argued that the statute's reference solely to tort claims as being filed in the Court of Claims necessarily implied that all other actions against the Board of Regents may be filed in the circuit court. In rejecting this argument, the *McGuire* court stated that separate treatment of tort claims was necessary to be consistent with the Court of Claims Act which treats tort claims separately by limiting the total liability of the State and by precluding the availability of certain defenses. (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(d).) This rationale is equally applicable to the present case. Additionally, we note that on two occasions a board of trustees of a State university has been found to be an arm of the State and consequently, a contract action against these entities must be brought in the Court of Claims. (*Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486 (Board of Trustees of Southern Illinois University) and *Tanner v. Board of Trustees* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208.) In both of these cases, the statutory construction argument, discussed above, did not prevent the appellate court's determination that the action could only be maintained in the Court of Claims. Accordingly, we hold that the Board is an arm of the State and therefore, plaintiff's action was properly dismissed.

■ Finally, plaintiff contends that his claim for injunctive and other equitable relief was properly brought in the circuit court. Plaintiff's request for equitable relief does not alter the basic nature of his complaint, an action against the State founded on a contract. Consequently, this action can only be brought in the Court of Claims. (*Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32.) In this regard, we note that the jurisdiction of the Court of

Claims is not limited to monetary claims, and that a plaintiff may pursue other remedies. *G. H. Sternberg & Co. v. Bond* (1975), 30 Ill. App. 3d 874, 333 N.E.2d 261.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.