KATHLEEN M. RAYMOND, Plaintiff-Appellant, v. THOMAS GOETZ, Defendant (The Board of Trustees of the University of Illinois *et al.*, Defendants-Appellees: Maureen Long *et al.*, Respondents in Discovery).

Fourth District    No. 4—93—0947

Opinion filed June 2, 1994.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Charles L. Palmer and Richard P. Klaus, both of Flynn, Palmer & Tague, of Champaign, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Kathleen Raymond, appeals from the dismissal of her complaint by the circuit court of Champaign County. The circuit court held it did not have jurisdiction to hear her claim, finding the Court of Claims has exclusive jurisdiction to hear cases involving the Board of Trustees of the University of Illinois and the College of Veterinary Medicine of the University of Illinois (hereinafter referred

to collectively as the University). Raymond contends this was error, but we disagree and affirm.

Raymond filed a complaint against the University in the circuit court of Champaign County, alleging breach of contract. The University filed a motion to dismiss, alleging the circuit court lacked subject-matter jurisdiction to hear any contract claim against the University, as exclusive jurisdiction over such claims is vested in the Court of Claims. The court granted the University's motion. Plaintiff appeals. The issue before this court is whether the doctrine of sovereign immunity precludes the maintenance of a contract claim against the University in the circuit court.

The doctrine of sovereign immunity provides the State shall be immune from any suit to which it has not consented. (See *S.J. Groves & Sons Co. v. State* (1982), 93 Ill. 2d 397, 400, 444 N.E.2d 131, 132.) It has been justified as a rule which embodies a policy that protects the State from interference in its performance of the functions of government and preserves its control over State coffers. *S.J. Groves*, 93 Ill. 2d at 401, 444 N.E.2d at 133, citing Block, *Suits Against Government Officers and the Sovereign Immunity Doctrine*, 59 Harv. L. Rev. 1060, 1061 (1946).

The doctrine of sovereign immunity was embodied in the Illinois Constitution until 1970. The constitutional provision was as follows: "The [S]tate of Illinois shall never be made defendant in any court of law or equity." (Ill. Const. 1870, art. IV, § 26.) Constitutionally derived sovereign immunity was abolished in 1970. Specifically, the 1970 Constitution provides "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, § 4.) Contemporaneously with the 1970 Constitution, the General Assembly enacted the State Lawsuit Immunity Act (Immunity Act) (Ill. Rev. Stat. 1991, ch. 127, par. 800 *et seq.*). Under this act, except as provided in the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1991, ch. 48, par. 1601 *et seq.*) and the Court of Claims Act (Ill. Rev. Stat. 1991, ch. 37, par. 439.1 *et seq.*), the State of Illinois shall not be made a defendant or party in any court. Ill. Rev. Stat. 1991, ch. 127, par. 801.

The Court of Claims has exclusive jurisdiction to hear and determine:

> "(b) All claims against the state founded upon any contract entered into with the State of Illinois.
> 
> ***
> 
> (d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort

against the Medical Center Commission, the Board of Trustees of the University of Illinois, the Board of Trustees of Southern Illinois University, the Board of Regents of the Regency Universities System, the Board of Governors of State Colleges and Universities, or the Board of Trustees of the Illinois Mathematics and Science Academy ***." Ill. Rev. Stat. 1991, ch. 37, pars. 439.8(b), (d).

The applicability of the legislative sovereign immunity provision to contract disputes involving the State of Illinois has been explicitly recognized by our supreme court. In *S.J. Groves*, the court noted other jurisdictions have held the doctrine of sovereign immunity inapplicable to contract disputes, reasoning that when a State voluntarily enters into a contractual relationship, it impliedly consents to be sued on that contract. (*S.J. Groves*, 93 Ill. 2d at 402-03, 444 N.E.2d at 133-34.) However, the court noted in none of those jurisdictions was immunity provided for by the legislature pursuant to the kind of express language of section 4 of article XIII of the 1970 Illinois Constitution. (*S.J. Groves*, 93 Ill. 2d at 402-03, 444 N.E.2d at 133-34.) The court further noted consent to be sued cannot be implied when there is an express statutory provision to the contrary. Thus, merely because the State is obligated under a contract which it made does not mean consent to suit thereon in a circuit court is implied. *S.J. Groves*, 93 Ill. 2d at 404, 444 N.E.2d at 134.

Thus, if the University may be considered a part of the "State of Illinois" for the purposes of the Immunity Act, the Court of Claims has exclusive jurisdiction to hear Raymond's contract dispute involving the University. Raymond argues the University is not part of the State for the purposes of the Immunity Act. She relies on three early Illinois Supreme Court cases in support of her position. She alleges the Court of Claims Act applies to contract and tort claims involving the *State of Illinois* by virtue of the Immunity Act. Although acknowledging the Court of Claims Act applies to *tort* claims involving the *University*, she contends this is not by virtue of the Immunity Act (*e.g.*, not because the University is part of the State), but because the University's enabling statute provides for resolution of these tort claims by the Court of Claims. She alleges the Court of Claims Act does not apply to *contract* claims involving the *University*. Raymond's arguments are virtually identical to those addressed and rejected by several districts of the appellate court, including this district, as well as by the Illinois Supreme Court.

Raymond contends three early supreme court cases indicate the University may not be considered an arm of the State for the purposes of sovereign immunity. She alleges the Supreme Court of

Illinois has consistently rejected the argument the University may be considered part of the State. Specifically, she draws our attention to *Board of Trustees of the University of Illinois v. Bruner* (1898), 175 Ill. 307, 51 N.E. 687, *People ex rel. Board of Trustees of the University of Illinois v. Barrett* (1943), 382 Ill. 321, 46 N.E.2d 951, and *Board of Trustees of the University of Illinois v. Industrial Comm'n* (1969), 44 Ill. 2d 207, 254 N.E.2d 522.

Raymond first contends one need only look to the enabling legislation to determine whether an action may be brought against the entity in the circuit court. Since the University's enabling legislation provides the University is empowered to contract and to sue and be sued, provided that *tort* claims against the University be brought in the Court of Claims (Ill. Rev. Stat. 1991, ch. 144, par. 22), Raymond contends that by implication *contract* claims against the University need not be brought in the Court of Claims but may be brought in the circuit court. Raymond relies on *Bruner* for the proposition the enabling legislation is determinative.

In the 1898 *Bruner* decision, the Supreme Court of Illinois found a contract claim against the University could be brought in the courts of the State. The court noted the University's charter expressly provides it may sue and be sued, and this "provision is substantially that found in all the charters of charitable institutions of the State, boards of education, school directors, and other similar governmental agencies. It has never been doubted that these corporations could be sued, the same as individuals." (*Bruner*, 175 Ill. at 309, 51 N.E. at 687-88.) The court concluded, due to the legislature's express language in the enabling statute, a dispute with the University could be determined by the courts of the State. (*Bruner*, 175 Ill. at 309-10, 51 N.E. at 687-88.) However, the court left some doubt regarding the ability to execute a judgment rendered against the State.

After the repeal of constitutional sovereign immunity, and the enactment of legislative sovereign immunity, the Supreme Court of Illinois abandoned the practice of looking to the enabling legislation to determine whether an entity could be sued in the circuit courts. The court shifted the focus to whether the characteristics of the entity in question are such that it may properly be considered an arm of the State for sovereign immunity purposes. (See *Williams v. Medical Center Comm'n* (1975), 60 Ill. 2d 389, 328 N.E.2d 1.) In *Williams*, the court found a tort action against the Medical Center Commission could only be brought in the Court of Claims. The court did not rely on the enabling legislation in "An Act in relation to the establishment of a medical center district ***" (Ill. Rev. Stat. 1973, ch. 91, par. 126 (now Ill. Rev. Stat. 1991, ch. 111$^1$/$_2$, par. 5002)), but

reached this conclusion because it found the Medical Center Commission was an arm of the State within the meaning of the Immunity Act. In determining the Medical Center Commission is properly characterized as an arm of the State, the court considered various factors, including: (1) its personnel must be hired pursuant to the Personnel Code of the State; (2) it is required to submit reports of past operations and future programs to the General Assembly; (3) its contracts must be made in accordance with the Civil Administrative Code, which governs State agencies; (4) its procedures and fiscal affairs are subject to audit by the Department of Finance, like other State agencies; (5) it can convey real estate only with the written consent of the Governor; and (6) the General Assembly regularly appropriates funds for the compensation of its employees and its acquisition and demolition of buildings. (*Williams*, 60 Ill. 2d at 393-94, 328 N.E.2d at 3.) Accordingly, the court found the Medical Center Commission is an arm of the State and within the immunity granted by the General Assembly. *Williams*, 60 Ill. 2d at 394, 328 N.E.2d at 3.

The year after the *Williams* decision, this court applied the *Williams* analysis and determined the Board of Governors of State Colleges and Universities (Board of Governors) is an arm of the State for sovereign immunity purposes. (*Kane v. Board of Governors of State Colleges & Universities* (1976), 43 Ill. App. 3d 315, 317-19, 356 N.E.2d 1340, 1341-44.) In *Kane*, we noted numerous statutory provisions expressly or impliedly characterize the Board of Governors as an arm of the State. Specifically, we noted the Board of Governors (1) is a creation of the General Assembly and appointed by the Governor with the consent of the Senate; (2) possesses the power of eminent domain; (3) can be sued only in the Court of Claims; (4) holds all real property for the people of the State; (5) pays its excess revenue to the State Treasury and the General Assembly has the power to make appropriations to it; (6) expenditures are subject to the audit by the State Auditor General; and (7) employees are participants in State civil service and retirement systems. (*Kane*, 43 Ill. App. 3d at 318, 356 N.E.2d at 1342.) Accordingly, we found the Board of Governors is not autonomous and independent of the State, but is an arm of the State. *Kane*, 43 Ill. App. 3d at 319, 356 N.E.2d at 1343.

In *Tanner v. Board of Trustees of the University of Illinois* (1977), 48 Ill. App. 3d 680, 363 N.E.2d 208, we applied these principles to a contract claim against the University of Illinois. Relying upon our earlier decision in *Kane*, we noted State institutions of higher education are arms of the State and suits against them must, therefore, be brought in the Court of Claims. (*Tanner*, 48 Ill. App. 3d at 683, 363 N.E.2d at 210.) Following this court's decisions in *Kane*

and *Tanner*, the Fifth District Appellate Court held the Board of Trustees of Southern Illinois University is an arm of the State and, therefore, tort and contract claims against it could be filed only in the Court of Claims. *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 747, 373 N.E.2d 486, 489.

Finally, in *Ellis v. Board of Governors of State Colleges & Universities* (1984), 102 Ill. 2d 387, 394-95, 466 N.E.2d 202, 206-07, the Supreme Court of Illinois determined the Board of Governors is an arm of the State and claims against it, whether sounding in tort or contract, must be brought in the Court of Claims. In reaching this determination, the supreme court quoted the *Williams* decision, finding the Medical Center Commission to be an arm of the State based on its characteristics. (*Ellis*, 102 Ill. 2d at 391-92, 466 N.E.2d at 204-05.) The court then quoted from the portion of our *Kane* decision applying the *Williams* analysis to the Board of Governors and determining the Board of Governors is an arm of the State. The court concluded "[w]e agree with the court in *Kane* that the Board is an arm of the State of Illinois." (*Ellis*, 102 Ill. 2d at 392-93, 466 N.E.2d at 204-05.) It additionally held "[i]t is clear that since we have decided that the Board is an arm of the State and must be sued in the Court of Claims, whether the plaintiff's cause of action sounds in tort, or in contract *** , the Court of Claims has exclusive jurisdiction." *Ellis*, 102 Ill. 2d at 394-95, 466 N.E.2d at 206.

Arguments that a distinction ought be made between tort and contract actions filed against State colleges and universities based upon the language of their enabling statutes and the Court of Claims Act have been previously rejected. (See *McGuire v. Board of Regents of Northern Illinois University* (1979), 71 Ill. App. 3d 998, 1000-01, 390 N.E.2d 632, 634; *Liebman v. Board of Governors of State Colleges & Universities* (1979), 79 Ill. App. 3d 89, 92-93, 398 N.E.2d 305, 307-08.) As noted above, Raymond alleges the language in the University's enabling statute indicates the University is empowered to sue and be sued, and only tort actions against it must be filed in the Court of Claims. Raymond additionally notes that while the Court of Claims Act provides for exclusive jurisdiction over claims based upon contracts with the State of Illinois, it is only in the paragraph discussing tort claims the University and governing bodies of other State colleges and universities are referred to by name. Raymond cites several cases in arguing that where the legislature includes certain language in one statutory section and omits that language from another section, the legislature will be deemed to have had distinct intentions with respect to each section.

In *McGuire* (71 Ill. App. 3d at 1000-01, 390 N.E.2d at 634), this

court rejected an argument that a distinction ought be made between tort and contract claims when determining whether an action against a State college or university must be brought in the Court of Claims. In his special concurrence, Justice Green noted the specific statutory language empowering the Board of Regents to enter into contracts and sue and be sued, in contrast to the language providing that actions against it sounding in tort must be brought in the Court of Claims, would indicate a legislative intention the Board of Regents be immune from tort, but not contract, claims brought in the circuit court. However, he noted the later enactment of the Immunity Act and the supreme court's application of it in *Williams* required a contrary finding. As Justice Green noted, *it is not the empowering legislation or the Court of Claims Act but the Immunity Act which is determinative of whether the State institution must be sued in the Court of Claims.* Since the Immunity Act makes no distinction between tort and contract actions, entities such as the Medical Center Commission and the Board of Regents have immunity to suit in contract as well as in tort. *McGuire*, 71 Ill. App. 3d at 1002-03, 390 N.E.2d at 635-36 (Green, J., specially concurring).

Similarly, in *Liebman* (79 Ill. App. 3d at 92, 398 N.E.2d at 307-08), the First District Appellate Court rejected an argument the statutes defining the powers of the Board of Governors and the jurisdictional provisions in the Court of Claims Act imply contract actions against the Board of Governors may be brought in the circuit court. The court held the Board of Governors is an arm of the State, and, as a result, is immune from both tort and contract actions filed in the circuit court. *Liebman*, 79 Ill. App. 3d at 92-93, 398 N.E.2d at 307.

Finally, the supreme court's statements in *Ellis* leave no doubt an action brought in either tort or contract against a State college or university must be filed in the Court of Claims. Specifically, the court held: "[i]t is clear that since we have decided that the Board is an arm of the State and must be sued in the Court of Claims, whether the plaintiff's cause of action sounds in tort, *or in contract* ***, the Court of Claims has exclusive jurisdiction." (Emphasis added.) *Ellis*, 102 Ill. 2d at 394-95, 466 N.E.2d at 206.

■ Thus, under the cases decided by the courts since the enactment of legislative sovereign immunity, the focus of the determination of whether an entity may be sued in the circuit court is upon whether the entity is an arm of the State based upon its characteristics, not the terms of the entity's enabling legislation. Accordingly, we must reject Raymond's contention the terms of the University's enabling statute require a finding that it may be sued in

the circuit court. To the extent the *Bruner* analysis and holding differ from the analysis and holding of the supreme court in *Williams* and *Ellis*, the later decisions of the court are controlling.

Raymond also alleges the supreme court's decision in *Barrett* requires a finding the University is not an arm of the State for sovereign immunity purposes. In *Barrett* (382 Ill. at 347, 46 N.E.2d at 964), ruling on the issue of whether the University could be represented by the Attorney General or whether it was entitled to employ private counsel, the court held the University is not an agency or instrumentality of the State, but a separate corporate entity which functions as a public corporation. However, the court noted the University's contractual powers are so restricted by statute that it can create no liability or indebtedness against the State and no liability against itself as a corporate entity in excess of the funds in the hands of the university at the time of creating such liability or indebtedness and which may be specifically and properly applied to payment of the same. Additionally, the court noted no suit could be maintained against the University which would adversely affect the rights of the State. *Barrett*, 382 Ill. at 343, 46 N.E.2d at 962-63.

In *Ellis*, the court rejected an argument that *Barrett* required a finding State colleges and universities are not arms of the State for sovereign immunity purposes. The court noted that in *Barrett*, it indicated no suit could be maintained against the University of Illinois which would adversely affect the rights of the State. (*Ellis*, 102 Ill. 2d at 393, 466 N.E.2d at 206, citing *Barrett*, 382 Ill. at 343, 46 N.E.2d at 962-63.) The court stated "[i]t is clear then, that the University [of Illinois] was cloaked with sovereign immunity to the extent that it was immune from any suit which would subject the State to liability and adversely affect the rights of the State." (*Ellis*, 102 Ill. 2d at 393, 466 N.E.2d at 206.) Accordingly, the court found the *Barrett* decision did not preclude it from finding State colleges and universities are arms of the State.

In accordance with the *Ellis* decision, we reject Raymond's contention the *Barrett* decision requires us to find the University is not an arm of the State for sovereign immunity purposes.

■ Raymond next alleges the supreme court's decision in *Trustees* requires a finding that actions against the University may be brought in the circuit court. We have previously addressed and rejected this argument. (*Kane*, 43 Ill. App. 3d at 321-22, 356 N.E.2d at 1344-45.) As we noted in *Kane*, the court in *Trustees* did not hold the University of Illinois was not an arm of the State. (*Kane*, 43 Ill. App. 3d at 322, 356 N.E.2d at 1345.) In *Trustees*, the court was concerned with whether, when the University is subject to administrative proceedings

and the act governing those proceedings provides for review of the proceedings in the circuit court, *review* of administrative proceedings involving the University might be had in the circuit court. It did not determine actions against the University may be *brought* in the circuit court.

In conclusion, the cases upon which Raymond relies were decided prior to the enactment of the Immunity Act. The modern line of cases, decided since the enactment of the Immunity Act, is determinative and explicitly indicates the University is an arm of the State. Actions against it, whether they sound in tort or contract, may only be brought in the Court of Claims.

The order of the circuit court of Champaign County dismissing plaintiff's claim is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.