# Illinois Official Reports

## Appellate Court

> **Leetaru v. Board of Trustees of the University of Illinois,**
> **2014 IL App (4th) 130465**

Appellate Court
Caption

KALEV LEETARU, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, a Public Corporation; and HOWARD R. GUENTHER, Associate Vice Chancellor for Research, University of Illinois at Urbana-Champaign, in His Official Capacity Only, Defendants-Appellees.

District & No.

Fourth District
Docket No. 4-13-0465

Filed

February 14, 2014

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Plaintiff graduate student's action seeking injunctive relief against defendant university's investigation into his alleged research misconduct was properly dismissed for lack of jurisdiction, notwithstanding plaintiff's contentions that he was only seeking prospective injunctive relief, not monetary relief or enforcement of a present claim, since his complaint involved a present claim based on alleged procedural errors by defendants in connection with their investigation, the Court of Claims had jurisdiction, plaintiff sought to control defendants' authorized actions with regard to the investigation, a governmental function, and the University of Illinois Act did not provide the trial court with jurisdiction.

Decision Under
Review

Appeal from the Circuit Court of Champaign County, No. 13-CH-70; the Hon. Michael Q. Jones, Judge, presiding.

Judgment

Affirmed.

Counsel on
Appeal

James A. Martinkus (argued), of Erwin, Martinkus & Cole, Ltd., of Champaign, for appellant.

William J. Brinkmann (argued) and Kenneth D. Reifsteck, both of Thomas, Mamer & Haughey, LLP, of Champaign, for appellees.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Knecht and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        On May 6, 2013, the trial court dismissed plaintiff Kalev Leetaru's complaint for a preliminary and permanent injunction against defendants, the Board of Trustees (Board) of the University of Illinois (University) and Howard R. Guenther in his official capacity as the associate vice chancellor for research at the University. Plaintiff appeals, arguing the court erred in dismissing his complaint. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On February 22, 2013, plaintiff filed a complaint against the defendants, seeking both a preliminary and a permanent injunction to halt an ongoing University investigation into plaintiff's alleged research misconduct. Realizing the jurisdiction of the trial court would be in question, plaintiff alleged the court had jurisdiction because he is only seeking prospective injunctive relief to enjoin defendants from taking further action in excess of their delegated authority. According to the allegations in the complaint, neither the State Lawsuit Immunity Act (745 ILCS 5/1 to 1.5 (West 2012)) nor the Court of Claims Act (705 ILCS 505/1 to 29 (West 2012)) applied to plaintiff's claim because he was seeking neither monetary damages nor the enforcement of a present claim.

¶ 4        Plaintiff also alleged the trial court had jurisdiction pursuant to section 1 of the University of Illinois Act (110 ILCS 305/1 (West 2012)), which states:

> "The Board of Trustees of the University of Illinois shall be a body corporate and politic, and by that name and style shall have perpetual succession, have power to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims, to plead and be impleaded, to acquire, hold, and convey real and personal property; to have and use a common seal, and to alter the same at pleasure; to make and establish by-laws, and to alter or repeal the same as they shall deem necessary, for the management or

- 2 -

government, in all its various departments and relations, of the University of Illinois, for the organization and endowment of which provision is made by this act." 110 ILCS 305/1 (West 2012).

According to plaintiff, "[b]ecause the nature of Plaintiff's claim does not 'sound in tort' and is not otherwise required to be brought in the Court of Claims, this Court has jurisdiction."

¶ 5 Plaintiff claims defendants, in conducting their investigation, exceeded their delegated authority, acted arbitrarily and capriciously, and abused their discretion, resulting in the denial of his due process rights. Plaintiff alleges defendants violated their own policies and procedures by (1) failing to make a timely determination to proceed with an inquiry, (2) failing to consult with him regarding any variance to the required time limit to proceed with the inquiry, (3) attempting to exclude a graduate student from the inquiry team, (4) instructing the inquiry team not to communicate with or contact plaintiff, (5) failing to allow the inquiry team to draft the inquiry report, (6) failing to sequester and preserve evidence that would permit plaintiff to defend himself against the allegations of misconduct, and (7) failing to timely notify plaintiff whether an investigation would go forward.

¶ 6 Plaintiff alleged judicial action is needed because he has a "clearly ascertainable right in need of protection to have the investigation stopped and the University enjoined from continuing the process against him." According to his complaint:

"101. In the absence of an Injunction, Leetaru will suffer irreparable harm in the loss of his ability to continue his doctoral studies, write and defend his dissertation, and be awarded a Ph.D., the loss of additional research grants beyond those already lost, the loss of his reputation and stature in the community in his field to such extent that [plaintiff] could not be fully compensated by money damages."

As a result, plaintiff requested an injunction restraining defendants from proceeding with their investigation against him.

¶ 7 On March 27, 2013, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)). The motion noted plaintiff's claim was based on defendants' actions, which were allegedly in excess of their delegated authority resulting in " 'gross injustice and denial of due process.' " Defendants argued the Court of Claims has exclusive jurisdiction over plaintiff's claims "because Plaintiff seeks to control a [S]tate officer's conduct in governmental matters with respect to which he has been granted discretionary authority and a judgment for Plaintiff could operate to control the actions of the State."

¶ 8 On March 27, 2013, plaintiff filed a petition for a temporary restraining order. The petition for a temporary restraining order restated the allegations in his complaint for a preliminary and permanent injunction. Plaintiff alleged a temporary restraining order was needed to maintain the status quo and keep defendants from proceeding with an investigation until a court could determine the merits of the dispute.

¶ 9 That same day, plaintiff filed a memorandum in opposition to defendants' motion to dismiss. Plaintiff argued the trial court had jurisdiction over his claim because he was only seeking prospective injunctive relief.

¶ 10       On April 29, 2013, defendants filed a reply to plaintiff's memorandum in opposition to defendants' motion to dismiss. According to defendants' memorandum:

> "Specifically, Plaintiff argues that allegations in the Complaint of failure to follow rules and regulations of the University by Guenther mean that he is acting outside of his official capacity. Plaintiff fails to distinguish between an employee acting in a wrongful manner from an employee acting beyond the scope of authority.
>
> Here, it is clear that, as Vice Chancellor for Research and as Campus Research Integrity Officer, HOWARD R. GUENTHER is authorized to conduct investigations into charges involving research integrity complaints (see, Complaint Exhibits E, K). Thus, Guenther's conduct involves matters ordinarily within his normal and official functions of the State. Wrongfully performing those functions, as alleged, does not confer subject matter jurisdiction on the Circuit Court."

¶ 11       On April 29, 2013, this court issued its order in plaintiff's first appeal, finding the trial court did not abuse its discretion in denying plaintiff's petition for a temporary restraining order against defendants. *Leetaru v. Board of Trustees of the University of Illinois*, 2013 IL App (4th) 130290-U.

¶ 12       On May 16, 2013, the trial court held a hearing on defendants' motion to dismiss. The court inquired about plaintiff's argument the court had jurisdiction where only injunctive relief is sought, noting defendants did not respond to this argument in their "written materials."

¶ 13       In response, defendants argued this case involves conduct that occurred back in 2010 and 2011 and has been the source of an ongoing investigation since December 2011 with respect to plaintiff's employment with the University and February 2012 with respect to plaintiff's status as a graduate student. Defendants argued plaintiff was trying to halt that investigation and they were immune from such litigation.

¶ 14       Plaintiff argued the immunity provision did not apply to his claim because he was not attempting to enforce a present claim against the State but was only trying to enjoin defendants from taking future actions in excess of their delegated authority. Plaintiff also pointed the trial court to section 1 of the University of Illinois Act (110 ILCS 305/1 (West 2012)) as giving the court jurisdiction of his claim.

¶ 15       As to whether Guenther was acting within his authority, plaintiff argued Guenther's authority is set forth in the University's policies and procedures. Plaintiff argued the University's policies and procedures limit Guenther's authority but Guenther has ignored these limits in numerous ways. Plaintiff's counsel told the court:

> "Mr. Guenther has exceeded his delegated authority. He didn't secure and sequester the records. He won't permit my client to respond with documents that the University has and are questioning him about. He has no access to them. These are fundamental things.
>
> You have the series of different things that I also allege, all the dates and all that, and 'shall', the university shall meet with him if they are going to change them.
>
> But then also you have other things. The inquiry team shall prepare a written report. Not Mr. Guenther. Mr. Guenther prepares the written report on the inquiry team."

¶ 16    In ruling on defendants' motion to dismiss, the trial court found the language in the University of Illinois Act stating tort lawsuits against the University had to be filed in the Court of Claims does not mean only tort lawsuits against the University have to be pursued in the Court of Claims. The trial court found "the allegations of the complaint are allegations that are contemplated in the Court of Claims Act, that is, they are laws of the State of Illinois or regulations adopted thereunder by an executive or administrative officer or agency."

¶ 17    The trial court also agreed with defendants that plaintiff was asking the defendants to stop what they had already begun. According to the court:

> "This is not a situation where the plaintiff fears that they may commence some investigation of him in the future and that he thinks doing so violates various policies, bylaws, or regulations. But it is clearly a situation where the plaintiff is saying [']I think your ongoing investigation of me is improper and I believe, therefore, it should be stopped and it shouldn't carry forth.['] "

The court was also concerned its ruling could subject the State to monetary damages in the future. The court stated:

> "To be awarded injunctive relief, among other things, this court would have to conclude that the plaintiff had a clearly ascertainable right and all the other requirements for injunctive relief.
>
> I would essentially have to conduct an inquiry and conclude that the plaintiff was correct in his allegations of Mr. Guenther's violating due process rights and essentially–I think this is the key–harming of the plaintiff.
>
> \*\*\*
>
> \*\*\* But if I did conduct such an investigation and did conclude that he was correct, would I not be then giving support for a lawsuit for money damages which he could file in the future which would subject the University of Illinois to liability? The answer there is I think that I would be.
>
> I think that, first of all, this would be enforcing a present claim because this is an investigation that has been going on for quite a while and I think that it potentially, if resolved successfully in the plaintiff's favor, could subject the University of Illinois, an arm of the state, to liability. For those reasons, I believe jurisdiction lies in the Court of Claims."

¶ 18    This appeal followed.

¶ 19                                II. ANALYSIS

¶ 20    The question before this court is whether the trial court erred in finding it lacked jurisdiction over plaintiff's claim. We review the trial court's dismissal *de novo*. *Block v. Office of the Illinois Secretary of State*, 2013 IL App (5th) 120157, ¶ 8, 988 N.E.2d 718.

¶ 21    "Because this matter comes before us in the context of a dismissal under section 2-619 of the Code of Civil Procedure, we must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that may reasonably be drawn in the plaintiff's favor." *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97, 820 N.E.2d 455, 457 (2004). Plaintiff's complaint

seeks injunctive relief from further action by defendants because defendants allegedly are conducting a research misconduct investigation against him improperly. However, plaintiff is not claiming defendants have no authority to investigate allegations of research misconduct. Indeed, plaintiff points to numerous written policies and procedures which govern the conduct of such investigations.

¶ 22 Plaintiff raises two arguments to support his claim the trial court has jurisdiction of this action. First, plaintiff argues his case falls within an exception to the State Lawsuit Immunity Act (745 ILCS 5/1 to 1.5 (West 2012)) and the Court of Claims Act (705 ILCS 505/1 to 29 (West 2012)) because he seeks only prospective injunctive relief against defendants, not monetary relief or the enforcement of a present claim. Second, he argues section 1 of the University of Illinois Act (110 ILCS 305/1 (West 2012)) permits the case to be brought in the circuit court.

¶ 23 Plaintiff has skillfully attempted to plead and argue his way around sovereign immunity. Plaintiff is asking the trial court to stop a research misconduct investigation midstream because defendants did not follow all of their own internal rules and procedures in conducting the investigation. He does not allege defendants have no authority to conduct the investigation. By obtaining injunctive relief, plaintiff could not only avoid being punished for his alleged misconduct, he could also halt the investigation into his alleged misconduct.

¶ 24 It is difficult to categorize this as anything other than a "present claim," considering the basis for the claim is alleged misconduct by University officials that has already occurred during the investigation. While plaintiff argues his case does not present a "present claim" because he only seeks to stop defendants from doing anything further, his claim is based on purported procedural errors he alleges were already committed against him by the defendants. As a result, we hold this is a "present claim" against the State, over which the Court of Claims has jurisdiction, rather than the circuit court.

¶ 25 Even if we held this was not a "present claim" against defendants, we would still find the circuit court lacks jurisdiction because plaintiff's claim seeks to control defendants' authorized actions, *i.e.*, a research misconduct investigation. Our supreme court recently stated:

> "The doctrine of sovereign immunity 'protects the State from interference in its performance of the functions of government and preserves its control over State coffers.' (Internal quotation marks omitted.) *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 159[, 940 N.E.2d 1122, 1128] (2010). The Illinois Constitution of 1970 abolished sovereign immunity '[e]xcept as the General Assembly may provide by law.' Ill. Const. 1970, art. XIII, § 4. Pursuant to this constitutional authorization, the General Assembly subsequently reestablished sovereign immunity by enacting the State Lawsuit Immunity Act, which provides that 'the State of Illinois shall not be named a defendant or party in any court,' except as provided in the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2008)) and in several other statutes not pertinent here. 745 ILCS 5/1 (West 2008). The Court of Claims Act, in turn, established the Court of Claims as the exclusive forum for litigants to pursue claims against the State. 705 ILCS 505/8 (West 2008)." *Township of Jubilee v. State of Illinois*, 2011 IL 111447, ¶ 22, 960 N.E.2d 550.

Moreover, efforts to defend itself in an action brought in the circuit court do not result in waiver or forfeiture of the State's statutory immunity "because only the legislature itself can determine where and when claims against the State will be allowed." *Id.* ¶ 25, 960 N.E.2d 550. "The purpose of the statutory provisions establishing sovereign immunity is to protect the State from interference with the performance of governmental functions and to *** protect State funds." *Id.* ¶ 35, 960 N.E.2d 550.

¶ 26    Plaintiff's claim is clearly an attempt to interfere with the performance of a governmental function–an investigation into his alleged research misconduct. The fact he is not seeking monetary damages is irrelevant. Because an injunction would interfere with the performance of an authorized governmental function, this case does not fall within an exception to the State Lawsuit Immunity Act.

¶ 27    In *City of Chicago v. Board of Trustees of the University of Illinois*, 293 Ill. App. 3d 897, 900, 689 N.E.2d 125, 127 (1997), the First District stated: "Sovereign immunity exists where (1) the defendant is an arm of the state, (2) the plaintiff's action constitutes a 'present claim' with the potential to subject the state to liability, and (3) no exceptions to the application of the doctrine exist." However, this is not the only time sovereign immunity exists. As our supreme court recently stated: "The doctrine of sovereign immunity 'protects the State from interference in its performance of the functions of government and preserves its control over State coffers.' " *Township of Jubilee*, 2011 IL 111447, ¶ 22, 960 N.E.2d 550 (quoting *State Building Venture*, 239 Ill. 2d at 159, 940 N.E.2d at 1128). This is true as long as the actions of the government are authorized. Regardless of whether a plaintiff seeks only prospective relief against the State, sovereign immunity applies if the prospective relief would interfere with the State's performance of the legitimate, authorized functions of government. See *Ellis v. Board of Governors of State Colleges & Universities*, 102 Ill. 2d 387, 395, 466 N.E.2d 202, 206-07 (1984) (immunity prohibition does not pertain to a claim seeking "to enjoin a State officer from taking future actions in excess of his delegated authority"). In this case, the prospective relief asked for by plaintiff would interfere with the defendants' performance of a legitimate governmental function defendants have the authority to perform.

¶ 28    Plaintiff's argument boils down to the following: defendants did not follow their own rules and procedures when conducting an investigation. Plaintiff concedes defendants had the authority to conduct an investigation. Even assuming, as we must for purposes of this appeal, defendants erred in the way they conducted the investigation, the errors occurred within the scope of defendants' valid delegated authority. As the Seventh Circuit Court of Appeals explained in *Turpin v. Koropchak*, 567 F.3d 880 (7th Cir. 2009), "When the Illinois courts speak of an act 'beyond the scope of authority,' they contemplate an employee acting not just in a wrongful *manner*, but sticking his nose in business where it doesn't belong." (Emphasis in original.) *Id.* at 883. As noted above, plaintiff does not contend defendants are "sticking their noses" where they do not belong. Rather, he is complaining about the manner in which they are carrying out their clearly authorized duties. This is a significant distinction.

¶ 29    If the State "sticks its nose" where it does not belong, a claim for prospective relief may be appropriate in the circuit court. For example, in *Rockford Memorial Hospital v. Department of Human Rights*, 272 Ill. App. 3d 751, 651 N.E.2d 649 (1995), a physician filed a complaint with

the Department of Human Rights (DHR), alleging he had been discriminated against by the credentials committee that restricted his hospital staff privileges. The hospital sought an injunction in the circuit court to halt DHR's investigation on the bases (1) the hospital had absolute immunity for decisions made by credential committees and (2) DHR had no authority to investigate the charge because the complainant was not an employee within the meaning of the Human Rights Act. *Id.* at 753, 651 N.E.2d at 652.

¶ 30        DHR filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 1992)), arguing the circuit court lacked jurisdiction over the complaint. *Rockford Memorial Hospital*, 272 Ill. App. 3d at 753, 651 N.E.2d at 652. The circuit court denied the motion and asserted jurisdiction over the action. *Id.* Following a hearing, the court granted the hospital's motion for summary judgment and enjoined DHR from investigating the physician's claim of discrimination. *Id.* at 754, 651 N.E.2d at 652. The court found as a matter of law, the physician's complaint with DHR could not be maintained against the hospital because of the absolute immunity conferred by statute on credentials committees. *Id.*

¶ 31        On appeal, DHR contended the trial court's injunction should be reversed because the hospital's claim against DHR was barred by sovereign immunity and the trial court erred in finding credential committee decisions were absolutely immune from legal challenge. *Id.* Looking at the hospital's complaint, the appellate court found it did not seek to enforce a present claim against the State. *Id.* at 757, 651 N.E.2d at 654. Rather, it sought a declaration DHR was without statutory authority to investigate the claim of discrimination and an injunction to prevent DHR's Director from acting in excess of his authority. *Id.* at 757, 651 N.E.2d at 654-55.

¶ 32        Relying on *Landfill, Inc. v. Pollution Control Board*, 74 Ill. 2d 541, 387 N.E.2d 258 (1978), the appellate court in *Rockford Memorial Hospital* held the hospital's action was not barred by sovereign immunity because it only sought to prevent a state official from acting outside her statutory authority. *Rockford Memorial Hospital*, 272 Ill. App. 3d at 757, 651 N.E.2d at 655. Although the appellate court reversed the grant of summary judgment to the hospital on the absolute immunity grounds (*id.* at 763-64, 651 N.E.2d at 659), it found the trial court had jurisdiction to hear the case, *i.e.*, it was not barred by statutory immunity.

¶ 33        Likewise, in *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill. 2d 540, 370 N.E.2d 223 (1977), the circuit court found the Director of the Department of Public Aid had no express or implied statutory authority to suspend or terminate a vendor's participation in the Illinois medical assistance program (Medicaid) and issued an injunction preventing him from doing so. *Id.* at 544, 370 N.E.2d at 225. On appeal, our supreme court found the sole issue to be whether the Director had the delegated authority to suspend or terminate Medicaid vendors. *Id.* at 549, 370 N.E.2d at 227. Finding no express statutory authority allowing the Director to suspend or terminate a vendor and further finding the legislature had not provided any standards or criteria to suggest the grounds that would warrant termination or suspension, the supreme court affirmed the issuance of an injunction. *Id.* at 553-54, 370 N.E.2d at 229. The supreme court also found the statute required the Director to refer fraud findings to proper prosecutorial authorities for further action. *Id.* at 553, 370 N.E.2d at 229. "We find that the total absence of standards, criteria or procedures for terminating or suspending vendors,

coupled with the express delegation of enforcement responsibilities, is persuasive evidence that the legislature did not intend to confer on the defendant the authority now claimed." *Id.* at 553-54, 370 N.E.2d at 229.

¶ 34  Thus, in cases where jurisdiction to enter an injunction against the State has been found to exist, the State's agent had been acting without authority. In the case *sub judice*, it is clear the defendants are authorized to conduct such an investigation.

¶ 35  We also hold section 1 of the University of Illinois Act (110 ILCS 305/1 (West 2012)) does not provide the trial court with jurisdiction over plaintiff's claim. Section 1 of the University of Illinois Act states:

> "The Board of Trustees of the University of Illinois shall be a body corporate and politic, and by that name and style shall have perpetual succession, have power to contract and be contracted with, to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims, to plead and be impleaded, to acquire, hold, and convey real and personal property; to have and use a common seal, and to alter the same at pleasure; to make and establish by-laws, and to alter or repeal the same as they shall deem necessary, for the management or government, in all its various departments and relations, of the University of Illinois, for the organization and endowment of which provision is made by this act." 110 ILCS 305/1 (West 2012).

Plaintiff argues the language "to sue and be sued, provided that any suit against the Board based upon a claim sounding in tort must be filed in the Court of Claims" opens the door to non-tort claims against the Board in the trial court. Plaintiff cites *City of Chicago*, 293 Ill. App. 3d at 901-02, 689 N.E.2d at 128, where the First District Appellate Court stated the University's enabling statute would have allowed the city's suit against the Board to go forward in the trial court even if the city's case constituted a "present claim" against the Board. We disagree with the First District on this point.

¶ 36  In *Raymond v. Goetz*, 262 Ill. App. 3d 597, 635 N.E.2d 114 (1994), this court faced a similar argument with regard to the University of Illinois's enabling statute. The plaintiff in *Raymond* argued "[s]ince the University's enabling legislation provides the University is empowered to contract and to sue and be sued, provided that *tort* claims against the University be brought in the Court of Claims [citation], [then] by implication *contract* claims against the University need not be brought in the Court of Claims but may be brought in the circuit court." (Emphases in original.) *Id.* at 600, 635 N.E.2d at 116. This court noted since "the repeal of constitutional sovereign immunity, and the enactment of legislative sovereign immunity, the Supreme Court of Illinois abandoned the practice of looking to the enabling legislation to determine whether an entity could be sued in the circuit courts." *Id.* Instead, the focus had shifted "to whether the characteristics of the entity in question are such that it may properly be considered an arm of the State for sovereign immunity purposes." *Id.* Further, we recognized "[a]rguments that a distinction ought be made between tort and contract actions filed against State colleges and universities based upon the language of their enabling statutes and the Court of Claims Act have been previously rejected." *Id.* at 602, 635 N.E.2d at 117.

"*[I]t is not the empowering legislation or the Court of Claims Act but the Immunity Act which is determinative of whether the State institution must be sued in the Court of Claims.* Since the Immunity Act makes no distinction between tort and contract actions, entities such as the Medical Center Commission and the Board of Regents have immunity to suit in contract as well as in tort." (Emphasis in original.) *Id*. at 603, 635 N.E.2d at 118.

The same is true with regard to plaintiff's claim.

¶ 37       Finally, plaintiff argues if the trial court cannot exercise jurisdiction then his right under the Illinois Constitution of 1970 to a remedy and justice will be violated. Section 12 of article I of the Illinois Constitution of 1970 states:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, § 12.

According to plaintiff, "[t]he Court of Claims will not issue injunctions despite the Appellate and Supreme Courts saying it has authority to do so."

¶ 38       Even if the Court of Claims will not issue an injunction, plaintiff's constitutional rights pursuant to section 12 of article I will not be violated. Our supreme court has made clear: "This provision in the Illinois Constitution *** is merely ' "an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." ' " *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 435, 732 N.E.2d 488, 496-97 (2000) (quoting *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 72, 588 N.E.2d 1139, 1145 (1992), quoting *Sullivan v. Midlothian Park District*, 51 Ill. 2d 274, 277, 281 N.E.2d 659, 662 (1972)). In other words, this constitutional provision does not mandate plaintiff be provided a remedy in the form of an injunction.

¶ 39       We are not unsympathetic to plaintiff's contention his ability to defend himself has been impeded by the manner in which the investigation was conducted. Academic integrity is not advanced if the University does not follow its own rules. The investigation undertaken here could result in long-term and far-reaching consequences for plaintiff, and the University should scrupulously follow the rules and procedures that govern such investigations. While *mandamus*, declaratory, and injunctive relief may be issued against state agents under certain circumstances, this is so where the state agent is acting without authority. Otherwise, enjoining an authorized investigation operates to control the actions of the State. Here, there is no question the University is authorized to conduct an investigation of this type. In requesting the court to halt the investigation, plaintiff has asked for relief the court is unable to give.

¶ 40                                   III. CONCLUSION

¶ 41       For the reasons stated, we affirm the trial court's order dismissing plaintiff's complaint for lack of jurisdiction.

¶ 42       Affirmed.