# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Block v. Office of the Illinois Secretary of State, 2013 IL App (5th) 120157**

---

| | |
|---|---|
| Appellate Court Caption | JEFFREY BLOCK, Plaintiff-Appellant, v. OFFICE OF THE ILLINOIS SECRETARY OF STATE and MICHAEL PIPPIN, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-12-0157 |
| Filed | April 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's action alleging a violation of the State Officials and Employees Ethics Act based on the termination of his employment by the Secretary of State's police force for reporting unethical or unlawful activities of another employee was improperly dismissed by the trial court on the ground that the action was barred by sovereign immunity, since an amendment to the Immunity Act at the time the Ethics Act became law added a provision by which the State of Illinois waived sovereign immunity for purposes of claims brought in the circuit courts under the Ethics Act. |
| Decision Under Review | Appeal from the Circuit Court of Jefferson County, No. 11-L-47; the Hon. David K. Overstreet, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Richard J. Whitney, of Murphysboro, for appellant. |
|---|---|
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Laura Wunder, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Presiding Justice Spomer and Justice Goldenhersh concurred in the judgment and opinion. |

## OPINION

¶ 1    Jeffrey Block appeals from the dismissal with prejudice, by the circuit court of Jefferson County, of count I of his complaint against the Office of the Illinois Secretary of State (the Secretary of State) alleging a violation of the State Officials and Employees Ethics Act (the Ethics Act) (5 ILCS 430/1-1 to 99-99 (West 2006)). The circuit court held that the suit was barred by sovereign immunity, that it lacked jurisdiction to hear it, and that exclusive jurisdiction lay in the Court of Claims. For reasons which follow, we reverse and remand this cause for further proceedings. We will set forth only those facts pertinent to our disposition on appeal.

¶ 2    Count I of the plaintiff's complaint, filed August 13, 2010, alleges that between 1988 and July 16, 2007, the plaintiff had been an employee of the Secretary of State's police force. In September 2006, the plaintiff reported to his superiors on what he believed to be the unethical or unlawful acts of his supervising officer. Shortly thereafter, in November 2006, the plaintiff was informed by his superior that he was under investigation for various violations of department policies. This investigation continued, and in July 2007, the plaintiff was discharged from his employment. The plaintiff brought this suit, alleging that the Secretary of State had violated the "whistle-blower protection" provisions of the Ethics Act by terminating his employment in retaliation for his reporting the unethical or unlawful acts of another employee.

¶ 3    Section 15-10 of the Ethics Act provides that no officer, member, state employee, or state agency shall take any retaliatory action against a state employee because that employee discloses, or threatens to disclose, any activity by an officer, member, state agency, or other state employee that the state employee reasonably believes is in violation of a law, rule, or regulation. 5 ILCS 430/15-10 (West 2006).

¶ 4    The Ethics Act provides for remedies for its violation. 5 ILCS 430/15-25 (West 2006).

At the time of the plaintiff's discharge in 2007, section 15-25 of the Ethics Act provided as follows:

"The State employee may be awarded all remedies necessary to make the State employee whole and to prevent future violations of this Article. Remedies imposed by *the court* may include, but are not limited to, all of the following:

(1) reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position;

(2) 2 times the amount of back pay;

(3) interest on the back pay;

(4) the reinstatement of full fringe benefits and seniority rights; and

(5) the payment of reasonable costs and attorneys' fees." (Emphasis added.) 5 ILCS 430/15-25 (West 2006).

While the statute authorized "the court" to impose remedies, it did not specify whether this meant the Court of Claims or the circuit courts. In 2009, section 15-25 of the Ethics Act was amended to add the sentence, "*The circuit courts of this State shall have jurisdiction to hear cases brought under this Article*." (Emphasis added.) 5 ILCS 430/15-25 (West 2010).

¶ 5    The Secretary of State filed a motion to dismiss count I of the plaintiff's complaint on the grounds that it was barred by sovereign immunity, it was barred by collateral estoppel, and it failed to state a cause of action. The circuit court dismissed count I on the ground that it had no subject matter jurisdiction, the suit being barred by the State's sovereign immunity and exclusive jurisdiction resting in the Court of Claims. Accordingly, the circuit court did not address the other two grounds for dismissal.

¶ 6    In its order dismissing count I on the ground of sovereign immunity, the circuit court pointed out that the version of the remedies section of the Ethics Act in effect at the time of the plaintiff's discharge did not expressly authorize suits against the State *in circuit court*. In the absence of an express waiver of sovereign immunity in the Ethics Act, the court declined to find a waiver of sovereign immunity by implication. The plaintiff's complaint was dismissed with prejudice.

¶ 7    The circuit court held that the State's waiver of sovereign immunity must be clear and unequivocal, explicitly expressed through specific legislative authority and appearing in affirmative statutory language. See *In re Special Education of Walker*, 131 Ill. 2d 300, 303-04 (1989). Failing to find such an express waiver, the circuit court dismissed the plaintiff's claim. Nevertheless, the plaintiff argues that the State did so waive its sovereign immunity for claims arising under the Ethics Act. We agree with the plaintiff.

¶ 8    Our review of an order of dismissal on the ground that the circuit court lacks subject matter jurisdiction is *de novo*, meaning that we perform the same analysis that the circuit court was expected to perform and we give no deference to the circuit court's decision. *Khan v. BDO Seidman, LLP*, 404 Ill. App. 3d 892, 908 (2010). Furthermore, where the issue involves the interpretation of a statute, which is a question of law, we conduct *de novo* review. *In re Consolidated Objections to Tax Levies of School District No. 205*, 193 Ill. 2d 490, 496 (2000).

¶ 9        Sovereign immunity, as it exists in the State of Illinois, exists only by virtue of, and to the extent granted by, statute. The Illinois Constitution of 1970 abolished sovereign immunity, "[e]xcept as the General Assembly may provide by law." Ill. Const. 1970, art. XIII, § 4. With certain exceptions, the General Assembly has indeed restored sovereign immunity to the State in the State Lawsuit Immunity Act (the Immunity Act) (745 ILCS 5/0.01 to 1.5 (West 2010)).

¶ 10       Immediately prior to the enactment of the Ethics Act, the Immunity Act provided as follows:

> "Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, or Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2004).

Contemporaneously with the enactment of the Ethics Act, and in the same piece of legislation, the Immunity Act was amended to read as follows:

> "Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, *and the State Officials and Employees Ethics Act*, the State of Illinois shall not be made a defendant or party in any court." (Emphasis added.) 745 ILCS 5/1 (West 2004).

¶ 11       In our view, the enactment of these two provisions together evinces a clear intention on the part of the legislature to waive sovereign immunity for suits brought under the Ethics Act and to allow redress in the circuit courts, rather than the Court of Claims, for its violation. To hold otherwise would render the amendment to the Immunity Act, which added the Ethics Act as one of the exceptions to sovereign immunity, meaningless and superfluous.

¶ 12       When a statute is amended, it may be presumed that the amendment was made for some purpose and the statute should be construed so as to give effect to the intended purpose. *Department of Transportation v. East Side Development, L.L.C.*, 384 Ill. App. 3d 295, 299 (2008). Whenever possible in construing statutory enactments, each word, clause, and sentence of the statute must be given reasonable meaning and not rendered superfluous. *In re Detention of Lieberman*, 201 Ill. 2d 300, 308 (2002). If the legislature intended claims under the Ethics Act to be brought in the Court of Claims, the addition of the Ethics Act by amendment to the Immunity Act was unnecessary; the Court of Claims Act, already included in the Immunity Act as an exception to sovereign immunity, allows all claims against the State, founded upon any law of the State, to be brought in the Court of Claims. Accordingly, the addition by amendment of the Ethics Act as a separate exception to sovereign immunity indicates that the legislature intended the term "the court" in the Ethics Act to refer to the circuit courts.

¶ 13       The Secretary of State argues, however, that because the Immunity Act provides for immunity, "except as provided" in the Ethics Act, and the Ethics Act itself does not waive immunity, there is no waiver and the Immunity Act provides immunity. We reject the Secretary of State's argument. In our view, the failure of the Ethics Act as originally enacted to explicitly authorize suits in the circuit courts was a mere oversight and does not reflect the true intent of the legislature in this regard. The primary objective of this court in construing the meaning of a statute is to ascertain and give effect to the intention of the legislature. *Lieberman*, 201 Ill. 2d at 307. All other rules of statutory construction are subordinate to this

cardinal principle. *Lieberman*, 201 Ill. 2d at 307. Further, we find that the Secretary of State's argument points out the latent ambiguity between the relevant provisions of the Ethics Act as originally enacted and the Immunity Act, an ambiguity which we believe was resolved by the subsequent amendment of the Ethics Act.

¶ 14 Our supreme court has held that a subsequent amendment is an appropriate source of discerning legislative intent. *O'Connor v. A&P Enterprises*, 81 Ill. 2d 260, 271-72 (1980). As we have already mentioned, the remedies provision of the Ethics Act (section 15-25) was amended in 2009 to explicitly provide that "*[t]he circuit courts of this State shall have jurisdiction to hear cases brought under this Article*." (Emphasis added.) 5 ILCS 430/15-25 (West 2010). While a material change in a statute made by an amendatory act is presumed to change the original statute, that presumption is rebutted where the circumstances surrounding the enactment of the amendment indicate that the legislature intended to interpret, rather than change, the original act. *O'Connor*, 81 Ill. 2d at 271. Thus, an amendment of an unambiguous statute indicates a purpose to change the law, while no such purpose is indicated by the mere fact of an amendment of an ambiguous provision. *O'Connor*, 81 Ill. 2d at 271.

¶ 15 We believe section 15-25 of the Ethics Act as originally enacted was ambiguous when read in conjunction with section 1 of the Immunity Act and that the amendment was enacted to resolve that ambiguity. Section 15-25 of the Ethics Act as originally enacted provided that remedies for a violation of the Ethics Act could be sought in "the court," but did not specify which court. The Immunity Act, as amended contemporaneously with the enactment of the Ethics Act, provided that except as provided in the Ethics Act, the State was immune from suit. Yet the Ethics Act did not itself waive immunity. Prior to the amendment of the Ethics Act, reading the two Acts together created an ambiguity and resulted in confusion. Subsequent to the amendment of the Ethics Act, the two Acts can be read in harmony with no provision being rendered meaningless or superfluous. It is clear to us that the purpose of the amendment was to clarify the ambiguity that existed when the two provisions were read together. Accordingly, the amendment did not change the Ethics Act; it clarified its original meaning. The State of Illinois has waived immunity with respect to claims brought under section 15-25 of the Ethics Act, and those claims are properly brought in the circuit courts of this State. The circuit court erred in dismissing count I of the plaintiff's complaint on the ground of sovereign immunity.

¶ 16 Although the State urges us to affirm the circuit court's dismissal order on one or both of the other bases raised in their motion to dismiss, we decline to do so. The circuit court, having found that it lacked jurisdiction over the cause, failed to reach these issues. We remand this cause to the circuit court for its consideration and ruling on these alternative arguments for dismissal.

¶ 17 For the foregoing reasons, the judgment of the circuit court of Jefferson County is reversed and this cause is remanded to that court for further proceedings not inconsistent with this disposition.

¶ 18 Reversed and remanded.